Cindy A. LEMON

v.

**SECRETARY OF the DEPT. OF HEALTH AND HUMAN SERVICES.**

No. 89–33V.

United States Claims Court.

March 9, 1990.

Michael R. Hugo, Boston, Mass., for petitioner; Schlichtmann, Conway, Crowley & Hugo, of counsel.

Michael P. Milmoe, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for respondent.

## ORDER

MEROW, Judge.

This vaccine claim matter comes before the court on petitioner's objection to the Report and Recommendation of the Special Master. The objection is addressed to the attorney's fees awarded. Upon a review of the record in this matter, it is concluded that the petitioner has not established any valid basis on which to overturn the Special Master's conclusion as to the appropriate hourly rate to be utilized for the attorney work performed in this uncontested litigation. The affidavits submitted to the Special Master as to attorney fee rates appropriate for contested personal injury and wrongful death cases have no relevant bearing on the compensation which is reasonable for this particular National Vaccine Injury Compensation Program matter. The record shows that what was involved in the present case was, essentially, assembling the necessary records and the presentation of these records, plus uncontested testimony by the mother of the child whose death was caused by the vaccine, and by Dr. Marcel Kinsbourne, a qualified expert. While the record shows petitioner's counsel to be eminently qualified to conduct complicated personal injury and wrongful death litigation, this high level of expertise was not required for, or displayed in, this relatively simple vaccine claim matter. In fact, counsel noted in his opening statement that this claim constituted a matter where liability should have been promptly conceded—had there been an opposing counsel to concede it (Tr. 6). The attorney fee should be reasonable for the nature of the work actually performed, and the Special Master's rate determination is considered to be appropriate in this regard. This is particularly the case in the circumstance where, in most areas of complex Claims Court litigation under 28 U.S.C. § 1491, a prevailing party in contested litigation is limited to a claim for $75 per hour in attorney fees, plus a possible cost

of living adjustment. *See* 28 U.S.C. § 2412(d); *Pusateri v. Secretary of DHHS,* 18 Cl. Ct. 828, 830 (1989).

█ In reviewing the record, it was noted that several items allowed by the Special Master are not permitted by 42 U.S.C. § 300aa–15(e)(1), which states:

(1) The judgment of the United States Claims Court * * * shall include an amount to cover—

(A) reasonable attorneys' fees, and

(B) other costs,

incurred in any proceeding on such petition.

In *Siegfried v. Secretary of DHHS,* 19 Cl.Ct. 323 (1990), fees and expenses concerning the administration of the estate of the petitioners' daughter in that matter, who died as a result of a DPT (diphtheria-pertussis-tetanus) inoculation, were disallowed because they were not incurred in any proceeding on the petition filed in the Claims Court.

Certain attorney fees and expenses claimed in the present matter were incurred with respect to the administration of the estate of the petitioner's child. The petitioner testified that an attorney, John Blackburn, was retained to obtain Letters of Special Administration for her from the Circuit Court, First Judicial District, County of Yankton, South Dakota (Tr. 109–110). Mr. Blackburn's fee was $256.03. In addition, the petitioner's fee claim includes one hour devoted to estate preparation with "atty. Blackburn" and an entry for 2.50 hrs of paralegal time on October 19, 1989

which includes, in part, the description "conversation w/attorney Blackburn, Re: Estate."

Accordingly, removing one hour of the attorney time allowed by the Special Master, one-half hour of paralegal time (as approximating the time spent on estate administration matters with Mr. Blackburn) and Mr. Blackburn's fee of $256.03, results in a slight reduction of the Special Master's award of fees and expenses as follows:

| Item | Hours | Rate | Amount |
|------|-------|------|--------|
| paralegal | 16.1 | $ 65 hr | $1,046.50 |
| attorney | 32.86 | $140 hr | $4,600.40 |
| expenses | | | $3,697.65 |
| | | Total: | $9,344.55 |

█ In addition, it is concluded that compensation should include an additional five hours ($700) as the attorney time considered to be reasonably required to prepare objections on the attorney fee issue, plus one-half hour of paralegal time ($32.50).

Accordingly, it is ORDERED:

(1) Except to the extent modified herein, the report and recommendations of the Special Master are adopted;

(2) Judgment shall be entered in favor of petitioner for $250,000 plus $10,077.05 in reasonable attorney fees and expenses, with no other costs to be assessed.[1]

---

1. As no designation was received under the footnote on page 1 of the report filed December 18, 1989 and as no additional information is included in this order, this matter shall now be disclosed for public access.