**FANNING, PHILLIPS AND MOLNAR, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

**Nos. 97–1097, 97–1413.**

United States Court of Appeals, Federal Circuit.

Nov. 12, 1998.

Howard P. Fitz, of Mineola, New York, for appellant.

Todd M. Hughes, Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, argued for appellee. With him on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Sharon Y. Eubanks, Deputy Director. Of counsel was Kirk T. Manhardt.

Before RICH, BRYSON, and GAJARSA, Circuit Judges.

## DECISION

GAJARSA, Circuit Judge.

Fanning, Phillips & Molnar ("FP & M") seeks review of two decisions of the Department of Veterans Affairs Board of Contract Appeals (the "Board"), which partially denied FP & M's applications for fees pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 (the "EAJA"). *See Fanning, Phillips & Molnar*, VABCA No. 3856E, 97–2 BCA ¶ 29,008, 1997 WL 374484 (June 2, 1997) and

*Fanning, Phillips & Molnar,* VABCA No. 3964E, 1996 WL 479123 (Aug. 22, 1996). Because we do not have jurisdiction over the appeal from VABCA No. 3964, we dismiss this appeal. Because FP & M is not entitled to the fees it requests on appeal with regard to VABCA No. 3856, we affirm the decision of the Board with respect to this appeal.

## BACKGROUND

FP & M is an engineering partnership that contracted with the Department of Veterans Affairs to study and design an emergency water reservoir and to conduct a cool storage feasibility study. Various disputes arose during the course of this contract. FP & M filed one claim for $49,741.31, which was docketed as VABCA No. 3856. FP & M also filed another claim for $11,351.90, which was docketed as VABCA No. 3964. The Board granted the 3964 claim, but denied the 3856 claim. After considering FP & M's request for reconsideration, however, the Board granted a portion of the 3856 claim.

Following the Board's decisions on the merits, FP & M filed two applications for fees and expenses pursuant to the EAJA. In these two EAJA applications, FP & M sought the following costs: (1) wages paid for all hours worked on the claims by several employees of the partnership (including one employee who testified as an expert witness); (2) salary, plus overhead and profit, for the hours expended by a partner of FP & M (Gary Molnar) for work on the claims; (3) salary, plus overhead and profit, for an employee who performed clerical and secretarial services for Mr. Molnar; (4) fees paid to FP & M's outside counsel for legal services; and (5) expenses associated with travel, long distance calls, and overnight delivery. Mr. Molnar represented the partnership before the Board.[1] However, neither the employees who worked on the litigation nor Mr. Molnar were lawyers.

The Board found that FP & M was the prevailing party, that it qualified for EAJA fees, and that the government's position was not substantially justified with respect to either claim. However, the Board granted only part of the requested EAJA fees. With respect to both EAJA applications, the Board held that the salaries paid to FP & M employees and principals are not reimbursable under EAJA. The Board held that only fees paid to outside consultants or independent expert witnesses qualify for reimbursement. The Board further stated that it could not award recovery for any of the salaries of an applicant's officers or employees, regardless of their type of involvement in the litigation underlying the EAJA application.

With respect to the 3964 claim, the Board rejected the outside attorney fee because FP & M refused to provide detailed documentation of the bill. This bill only stated the following: "For all consultation services rendered through 2/1/94 including legal research and miscellaneous correspondence and communications." There was no indication of the starting date for the services or the hourly rate for the services provided. In its Answer before the Board, the government took issue with the lack of specificity in the bill. FP & M did not provide additional documentation, but rather responded that further itemization would "not be cost productive and hence, not in the best interests of these judicial proceedings." With respect to both of the claims, the Board granted miscellaneous costs such as express delivery, long distance calls, and travel expenses. The Board also granted the fees of an outside attorney in the 3856 claim because this bill had been itemized.

FP & M's first application for fees, in VABCA No. 3964, was denied by the Board on August 22, 1996. FP & M filed a notice of appeal on November 12, 1996, or 82 days after the date the Board denied the EAJA application. That appeal was docketed in this court as No. 97–1097. FP & M's second application for fees, in VABCA No. 3856, was denied by the Board on June 2, 1997. FP & M filed a notice of appeal from that denial on June 13, 1997, or 11 days after the Board denied that EAJA application. That appeal

---

1. The Board allows a partnership to appear before it by one of its members. *See* 38 C.F.R. 1.783(z) (Rule 26).

was docketed in this court as No. 97–1413. This court consolidated the two appeals.

FP & M argues that the Board erred in concluding that the EAJA did not authorize fees for the non-attorney services of a party's employees and its principals. In addition, FP & M argues that the Board erred in denying FP & M's outside attorney fees in the 3964 claim and that the Board should give FP & M the opportunity to submit a more detailed bill.

## DISCUSSION

■ Before reaching the merits of these appeals, we must consider a threshold jurisdictional issue. "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School District*, 475 U.S. 534, 540, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986). We therefore have a special obligation to satisfy ourselves of our own jurisdiction. *See id.* "A party, or the court sua sponte, may address a challenge to subject matter jurisdiction at any time, even on appeal." *Booth v. United States*, 990 F.2d 617, 620 (Fed.Cir.1993). In this case, FP & M filed its appeal for the 3964 claim 82 days after the date the Board denied the EAJA application. Under 5 U.S.C § 504(c)(2), the applicable period for filing such an appeal is 30 days. We therefore do not have jurisdiction to hear this appeal because it was untimely filed. As we have clarified previously,

In sum, 5 U.S.C. § 504(c)(2) alone, and not 41 U.S.C. § 607(g)(1)(A), provides the applicable period for appeal from a board of contract appeals decision on an application for fees and expenses.... Because [the petitioner] filed its petition for review of the board's decision denying its fee application more than thirty days after issuance of the decision, we have no jurisdiction to review it.

*Adam Sommerrock Holzbau, GmbH v. United States*, 866 F.2d 427, 430 (Fed.Cir.1989). *See also J–I–J Const. Co., Inc. v. United States*, 829 F.2d 26 (Fed.Cir.1987) (enforcing 30–day limit for EAJA appeals). We therefore focus the rest of this opinion exclusively upon the appeal relating to VABCA No. 3856.

■ This case presents the issue of whether the EAJA allows reimbursement of fees for non-lawyer employees and principals of the prevailing party. We review the Board's statutory interpretation of the EAJA *de novo*. *See Ed A. Wilson, Inc. v. General Services Admin.*, 126 F.3d 1406, 1408 (Fed. Cir.1997).

FP & M argues that the Board erred in interpreting the EAJA to preclude awards of fees for hours expended by its employees and principal on the litigation of the two claims. Specifically, FP & M points to the following language in the EAJA:

An agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States, *fees and other expenses incurred by that party in connection with that proceeding* .... A party seeking an award of fees and other expenses shall ... submit to the agency an application which shows ... the amount sought, including an itemized statement from *any attorney, agent or expert witness* representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.

5 U.S.C. § 504(a) (emphasis added). In addition, FP & M cites to the definition of "fees and other expenses" in EAJA and notes that it explicitly includes "reasonable attorney or *agent* fees." 5 U.S.C. § 504(b)(1)(A) (emphasis added). FP & M's primary argument is that this text of the statute clearly allows for fees of "agents," which it proposes should be understood to include all "non-attorney representatives of a prevailing party" and therefore should include Mr. Molnar who appeared before the Board. FP & M further argues that the EAJA allows for fees and expenses for "any attorneys, agents, expert witnesses, and other litigation support services, whether or not they are an employee" of a prevailing party and therefore the time spent by FP & M employees should also be compensable.

The government responds that the term "agent" only covers outside consultants and

not employees of the prevailing party and therefore FP & M cannot recover any of its expenses relating to the work of its employees or principal because they are not "agents" for purposes of EAJA. The government further argues that the statute was not intended to compensate a prevailing party for any time spent by a prevailing party on its own litigation and therefore none of the time spent by FP & M employees or its principal is compensable under EAJA.

■ We begin our analysis by noting that, as a waiver of sovereign immunity, the EAJA must be strictly construed in favor of the sovereign. *See Levernier Constr., Inc. v. United States,* 947 F.2d 497, 502 (Fed.Cir. 1991). The EAJA " 'lifts the bar of sovereign immunity for award of fees in suits brought by litigants qualifying under the statute, [but] does so only to the extent explicitly and unequivocally provided.' " *Id.* (quoting *Fidelity Const. Co. v. United States,* 700 F.2d 1379, 1386 (Fed.Cir.1983)); *see also United States v. Nordic Village, Inc.,* 503 U.S. 30, 33–34, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992) (waiver of sovereign immunity requires unequivocal expression); *Ardestani v. I.N.S.,* 502 U.S. 129, 137, 112 S.Ct. 515, 116 L.Ed.2d 496 (1991) (explaining that, when the United States is liable for attorneys fees it otherwise would not be liable for, the United States has partially waived its sovereign immunity and such waiver must be construed in favor of the United States).

■ As with any question of statutory interpretation, we begin our inquiry with the language of the statute. *See Bailey v. United States,* 516 U.S. 137, 144, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). We also consider "not only the bare meaning of the word but also its placement and purpose in the statutory scheme." *Id.* at 145, 116 S.Ct. 501. The EAJA does not define the term "agent." However, the EAJA explicitly links and provides reimbursement for "attorney or agent *fees.*" 5 U.S.C. § 504(b)(1)(A) (emphasis added). Specifically, the statute explains the following:

> The amount of *fees* awarded under this section shall be based upon prevailing market rates for the *kind and quality of the services* furnished, except that ... *attor-ney or agent fees* shall not be awarded in excess of $125 per hour unless the agency determines by regulation that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys or agents *for the proceedings involved,* justifies a higher fee.

*Id.* at § 504(b)(1)(A) (emphasis added).

The text of the statute, at the very least, suggests that "fees" must be those of a person who normally supplies the kind and quality of services needed to prosecute a claim. Employees of a prevailing party generally do not regularly furnish the "kind and quality" of services necessary to prosecute a claim. Regular employees are also not usually people "qualified ... for the proceedings involved." Thus the text of the statute indicates that "agents" are not the mere employees or principals of a prevailing party but rather specialized representatives of litigants in certain proceedings.

As we have previously explained, Congress understood the term "agents" to include specialized non-attorney practitioners who are authorized to represent clients only with special permission of a given tribunal. *See Cook v. Brown,* 68 F.3d 447, 451 (Fed.Cir.1995) (reviewing legislative history of EAJA). In *Cook,* we were faced with an appellant seeking reimbursement for the work of a non-lawyer employee of the Disabled American Veterans (the "DAV"), a nonprofit veterans service organization, before the Court of Veterans Appeals. The DAV employed both licensed attorneys and non-licensed lay personnel to represent veterans seeking benefits. The Court of Veterans Appeals allows representation by unsupervised non-lawyers under certain conditions. We noted that the services of the DAV non-lawyer practitioner in that case would have qualified for reimbursement of "agent fees" under 5 U.S.C. § 504. However, because the applicant was seeking reimbursement pursuant to 5 U.S.C. § 2412, which only allows for recovery of attorney fees, the agent's fees were not recoverable. In this case, Mr. Molnar was not a specialized non-attorney practitioner retained by FP & M to prosecute its claims. In fact, the Board's rules do not expressly authorize appellants to hire such outside

agents. *See* 38 C.F.R. § 1.783. The Board does, however, permit a partnership to appear through one of its members, but this is not the same as hiring an outside, specialized non-attorney practitioner to prosecute a claim.

Any ambiguity that may remain with regard to the term "agent" or with regard to whose time can be compensated is removed in light of the legislative history of the EAJA. As the government points out, the language in the original bill would have included compensation for a party's personal absence from business at an hourly rate. *See* H.R.Rep. No. 96–1005, pt. 1, at 2 (1980). However, this language was dropped from the EAJA as enacted. This deletion indicates that compensable "fees and expenses" were not intended to include lost opportunity costs of employee or principal time associated with prosecuting a claim.

 On the facts of this case, therefore, FP & M cannot recover for the time spent on its claim by its employees or principal. To begin with, none of these individuals is an "attorney" and therefore such employee time cannot be recovered as attorneys fees. In addition, FP & M does not argue that any of these individuals qualify as specialized non-attorney practitioners, as had been the case with the agent in *Cook*. Moreover, FP & M makes no argument that any of these individuals are outside specialists retained to assist with the litigation and therefore their time cannot be recovered as "agent fees." Also, because we find the purpose of the EAJA was not to compensate a party for its personal absence from its business in prosecuting its claim, none of the employees' or principal's time is compensable as "other expenses" or as time spent by an "expert witness." We have considered all of FP & M's other arguments with respect to this issue and find them to be unpersuasive as well.[2]

2. FP & M argues that such a result is inconsistent with the Board's "Procedures for Claims under Section 504 of Title 5 of the United States Code," which provides for payment for employees' fees. Specifically, these Procedures state that "[i]n determining the reasonableness of the fee sought for an attorney, agent or expert witness, the Board shall consider the following ... [i]f the attorney, agent or witness is in private practice, his or her customary fee for similar services, or if an employee of the applicant, the fully allocated cost of the services." To the extent that any portion of these Procedures broadens an applicant's scope of recovery under EAJA, it is invalid as a basis for a fee award and therefore cannot alter our conclusion. *See Fix v. United States*, 177 Ct.Cl. 369, 368 F.2d 609, 614 (Ct.Cl.1966) (explaining that a regulation is invalid if it clearly contradicts the terms or purpose of a statute).

## CONCLUSION

For the reasons set forth herein, we dismiss the appeal docketed as No. 97–1097. We also affirm the Board's decision that FP & M cannot recover its fee requests under EAJA with respect to the appeal docketed No. 97–1413.

ACCORDINGLY IT IS ORDERED THAT:

Appeal No. 97–1097 is dismissed and Appeal No. 97–1413 is affirmed.

*DISMISSED–IN–PART* AND *AFFIRMED–IN–PART*.

## COSTS

Each party to bear its own costs.