**Nicole MOL, by her Parents and Natural Guardians, Daniel MOL and Stacey Mol, Petitioners,**

v.

**SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 96-549V.

United States Court of Federal Claims.

Oct. 15, 2001.

Barbara Ziegler Ashley, Wayzata, Minnesota, attorney of record for plaintiff.

Glenn Alexander MacLeod, Department of Justice, Washington, D.C., with whom was Acting Assistant Attorney General Stuart E.

Schiffer, for defendant. John Lodge Euler, Acting Director, Mark W. Rogers, Acting Deputy Director, and Vincent J. Matanoski, Acting Assistant Director.

## OPINION

FUTEY, Judge.

This vaccine case is before the court on respondent's motion for review of a special master's decision awarding attorney's fees incurred in a state court guardianship proceeding. Respondent acknowledges that the special master has jurisdiction to award litigation expenses incurred by petitioners in "any proceeding on a petition" pursuant to 42 U.S.C. § 300aa–15(e)(1)(B) (1994). Respondent contends, however, that state court proceedings are not conducted on a Vaccine Act Petition, and therefore the special master is without jurisdiction to award compensation for such services. Petitioners argue in response that the guardianship was established for the sole purpose of handling the program award and was a condition of the settlement set forth by respondent, therefore, the special master had the necessary discretion to award compensation for attorney's fees associated with establishing the guardianship.

### Factual Background

On August 29, 1996, petitioners Daniel and Stacey Mol, as legal and natural guardians for minor petitioner Nicole Mol, filed a petition on Nicole's behalf for injuries she sustained as a result of a diphtheria-tetanus-pertussis (DPT) vaccination. The parties subsequently entered into a settlement agreement resolving petitioners' claims. As part of the settlement agreement, respondent required petitioners to deposit a portion of the settlement into a court supervised guardianship account. The remainder of the award, minus the amount paid to satisfy the state's Medicaid lien, would be placed into a government reversionary trust for the sole benefit of Nicole. The parties submitted the settlement to the special master who approved it on April 25, 2000. Judgment was entered on May 26, 2000.

On March 16, 2001, petitioners filed an application for fees and costs, pursuant to 42 U.S.C. § 300aa–15(e)(1), totaling $32,024.09 for their attorney's fees and expenses. Included in this amount, was $2,575.75 charged by petitioners' attorney for the establishment of the state court guardianship. Respondent objected to the inclusion of these fees, and therefore, the parties could not reach settlement on this issue. Respondent filed its opposition to petitioners' fee application "on or about June 22, 2001." [1] Respondent's only objection was to petitioners' request for the $2,575.75 in attorney's fees incurred while establishing the guardianship.

On July 18, 2001, the special master held a status conference with the parties to discuss respondent's objection. On July 24, 2001, the special master ordered the government to pay $32,024.09, including the $2,575.75 in legal expenses incurred by petitioners for guardianship proceedings. Respondent filed its motion for review of that decision on August 3, 2001.

### Discussion

The Vaccine Act ("the Act") explicitly grants this court the authority to review decisions made by a special master. The Act provides that this court may:

(A) uphold the findings of fact and conclusions of law of the special master and sustain the special master's decision,

(B) set aside any findings of fact or conclusion of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law, or

(C) remand the petition to the special master for further action in accordance with the court's direction.

42 U.S.C. § 300aa–12(e)(2) (1994).

Respondent argues that the special master's ruling in this case, interpreting § 300aa–15(e)(1) of the Act, was not in accordance with the law because the attorney's fees incurred by the petitioners in setting up a guardianship account are not compensable

1. Respondent's Motion For Review And Memo-    randum Of Objections at 3.

under the Act. In pertinent part, the Act provides:

(1) In awarding compensation on a petition filed under section 300aa–11 of this title the special master or court shall also award as part of such compensation an amount to cover

(A) reasonable attorneys' fees, and

(B) other costs,

incurred in any proceeding on such petition. If the judgment of the United States Court of Federal Claims on such a petition does not award compensation, the special master or court may award an amount of compensation to cover the petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought.

42 U.S.C. § 300aa–15(e)(1). According to respondent, the proceedings in state court establishing the guardianship fund cannot be considered as conducted "under [the vaccine injury] petition" because such proceedings are limited to those before the Office of Special Masters, the Court of Federal Claims, the United States Court of Appeals for the Federal Circuit and the United States Supreme Court. *Siegfried v. Sec'y, HHS*, 19 Cl.Ct. 323, 325 (1990); *see also Zeman v. Sec'y, HHS*, No. 92–0240V, 1994 WL 325425 (Fed.Cl.Spec.Mstr. June 20, 1994); *Cain v. Sec'y, HHS*, No. 91–817V, 1992 WL 379932 (Fed.Cl.Spec.Mstr. Dec. 3, 1992); *Barnes v. Sec'y, HHS*, No. 90–1510V, 1992 WL 185708 (Cl.Ct.Spec.Mstr. July 16, 1992); *Widdoss v. Sec'y, HHS*, No. 90–486V, 1992 WL 80809 (Cl.Ct.Spec.Mstr. Mar. 31, 1992).

Petitioners rely on four decisions issued by the Office of Special Masters, stating that fees attributable to time spent in state probate court should be considered "incurred in [a] proceeding on [a Program] petition," because a guardianship is established for the sole purpose of distributing a program award. *Childers v. Sec'y, HHS*, No. 96–194V, 1999 WL 514041 *3 (Fed.Cl.Spec.Mstr. June 11, 1999); *see also Thomas v. Sec'y, HHS*, No.92–46V, 1997 WL 74664 (Fed.Cl. Spec.Mstr. Feb. 3, 1997); *Velting v. Sec'y,*

*HHS,* No. 90–1432V, 1996 WL 937626 (Fed. Cl.Spec.Mstr. Sept. 24, 1996). In addition, petitioners argue that respondent required the establishment of a state court guardianship as a prerequisite to settlement, and therefore the state court proceedings should be considered proceedings on the petition because without them the case would not have settled.

■ This case, however, presents an issue of statutory interpretation because either the Act authorizes compensation for the establishment of the state guardianship account, or it does not. Interpretation of a statute begins with a review of its language. *Fanning v. West,* 160 F.3d 717, 721–22 (Fed. Cir.1998) (citing *Bailey v. United States,* 516 U.S. 137, 144, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995)). The court must examine "its language to determine whether Congress has 'directly spoken to the precise question at issue.'" *Vesser v. Office of Pers. Mgmt.,* 29 F.3d 600, 604 (Fed.Cir.1994) (quoting *Chevron, USA, Inc. v. Nat'l Res. Def. Council, Inc.,* 467 U.S. 837, 842, 104 S.Ct. 2778, 81 L.Ed.2d 694, (1984)). "If the intent of Congress is clear, that is the end of the matter because [the court] must give effect to the unambiguously expressed intent of Congress." *Id.* The court must consider "not only the bare meaning of the word[s] but also [their] placement and purpose in the statutory scheme." *Bailey,* 516 U.S. at 145, 116 S.Ct. 501. Where the literal meaning of the statute produces an unreasonable result "plainly at variance with the policy of the legislation as a whole," the court will follow instead the purpose of the statute. *United States v. Am. Trucking Ass'ns,* 310 U.S. 534, 543, 60 S.Ct. 1059, 84 L.Ed. 1345 (1940) (internal quotations omitted). A statute must be interpreted as a whole, *Richards v. United States,* 369 U.S. 1, 11, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962), and the court should construe the statute to give effect and meaning to all of its terms. *Sterling Fed. Sys., Inc. v. Goldin,* 16 F.3d 1177, 1185 (Fed.Cir. 1994). Moreover, the court should attempt "not to interpret a provision such that it renders other provisions of the same statute inconsistent, meaningless, or superfluous." *Great N. Nekoosa Corp. v. United States,* 38

Fed.Cl. 645, 657 (1997). In addition, it is well established that, "[a]ny and all authority pursuant to which [a special master] may act ultimately must be grounded in an express grant from Congress." *Patton v. Sec'y, HHS*, 25 F.3d 1021, 1027 (Fed.Cir.1994), (citing *Killip v. Office of Pers. Mgmt.*, 991 F.2d 1564, 1569 (Fed.Cir.1993)).

■ The special master correctly stated that the Office of Special Masters is split on whether the establishment of a guardianship is a reimbursable expense. This court, however, has twice previously addressed the question of whether fees attributable to probate matters are compensable under 42 U.S.C. § 300aa–15(e)(1), and has answered the question in the negative both times. In *Siegfried v. Sec'y, HHS*, 19 Cl.Ct. 323, 325 (1990), this court held that:

> The Act does not provide attorney fee awards to cover the myriad legal implications of establishing or administering an estate. Rather the Act provides reasonable fee awards for work by petitioner's attorney during the pendency of a petition before a special master, the [Court of Federal Claims], the United States Court of Appeals for the Federal Circuit, or the Supreme Court.

Later that year, this court issued another opinion citing *Siegfried* for the proposition that "fees and expenses concerning the administration of the estate ... were disallowed because they were not incurred in any proceeding on the petition filed in the [Court of Federal Claims]." *Lemon v. Sec'y, HHS*, 19 Cl.Ct. 621, 623 (1990). In both the aforementioned cases, this court addressed the issue of whether attorney's fees attributable to establishing or administering an estate as a result of receiving a vaccine award were compensable. Although this case presents a slightly different factual scenario because the fees were incurred during the creation of a guardianship account and not the establishment or administration of an estate, the issue is analogous in all other respects. In the present case, as in the two cases previously discussed, the state court proceedings were not part of the prosecution of the vaccine petition.

The court agrees with the prior rulings in *Siegfried* and *Lemon*. The statute is clear that only attorney's fees that are "incurred in any proceeding on [a Vaccine] petition" are compensable. 42 U.S.C. § 300aa–15(e)(1)(B). The statute throughout refers to proceedings on a petition as those before a special master, this court, the clerk of the court, or the United States Court of Appeals for the Federal Circuit. *See* 42 U.S.C. §§ 300aa–12(d)(3)(A)-(D), 12(f) and 13(c). If the court interpreted the Act in such a way that fees incurred to establish guardianships were compensable, under the theory that they would not have been incurred but for the receipt of the vaccine award, any number of "but for" expenses would have to be compensable including a wide variety of probate matters. Such an interpretation would not comport with the plain language of the statute.

### Conclusion

For the above-stated reasons, respondent's motion for review is hereby granted. The attorney's fees attributable to establishing a guardianship fund, in the amount of $2,575.75, are not compensable under the statute. Accordingly, the Clerk is directed to enter judgment for petitioner in the amount of $29,448.54.[2] No costs.

IT IS SO ORDERED.

---

2. This award represents $32,024.09, the amount in petitioners' fee application, minus $2,575.75 attributable to non-compensable attorney's fees.