James Frank WHITING Sr., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 10–775C.

United States Court of Federal Claims.

July 13, 2011.

James Franklin Whiting, Sr., Sioux Falls, SD, pro se.

Michael O'Connell, U.S. Dept. of Justice, Commercial Litigation Branch, Washington, DC, for Defendant.

## ORDER

DAMICH, Judge.

Plaintiff James Frank Whiting Sr., acting *pro se*, seeks money damages for unjust imprisonment and to have his conviction expunged from his record. In addition, the Plaintiff requests to proceed *in forma pauperis*. Defendant United States has moved this Court to dismiss the Plaintiff's complaint for lack of subject matter jurisdiction or failure to state a claim upon which relief can be granted.

For the reasons set forth below, the Court dismisses the Plaintiff's complaint for lack of jurisdiction and failure to prosecute, and denies Plaintiff's application to proceed *in forma pauperis*.

## I. BACKGROUND

The Plaintiff is a prisoner at the South Dakota State Penitentiary. Compl. at 2. Plaintiff alleges that he was incarcerated for six years for "fourth offense DUI and escape," and that in 1996, his case was overturned by the South Dakota Supreme Court. *Id.* at 3. Plaintiff requests that his complaint

against the State of South Dakota and the Seventh Judicial Circuit Court of South Dakota be "pursued under the Indian Claims Commission Act of 1942 where the time statute is not barred." *Id.* He also requests that his case be expunged from his record and that he receive compensation of $208.00 per day for the six years that he was incarcerated. *Id.*

On January 4, 2011, in lieu of an answer, the Defendant filed a motion to dismiss for lack of subject matter jurisdiction or failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(1) or Rule 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"). The Plaintiff did not submit a response to the Defendant's motion. The Court, therefore, in an Order dated March 16, 2011, requested that the Plaintiff show cause by April 4, 2011, as to why the Court should not dismiss his complaint. Since filing his initial complaint, the Plaintiff has made no additional contact with the Court.

## II. STANDARD OF REVIEW

■ Subject matter jurisdiction is a threshold matter which may be challenged at any time by a party or the court *sua sponte. Folden v. United States,* 379 F.3d 1344, 1354 (Fed.Cir.2004); *Fanning, Phillips & Molnar v. West,* 160 F.3d 717, 720 (Fed.Cir.1998). When the court's subject matter jurisdiction is put into question, the plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988). If jurisdiction is found to be lacking, the court must dismiss the action. RCFC 12(h)(3).

■ When a complaint is filed *pro se,* the court holds the pleadings of such plaintiffs to "less stringent standards than formal pleadings drafted by lawyers" and liberally construes those pleadings. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The court, however, cannot extend this leniency to relieve plaintiffs of their burden of satisfying the court's

jurisdictional requirements. *Kelley v. Sec'y, United States Dep't of Labor,* 812 F.2d 1378, 1380 (Fed.Cir.1987). Furthermore, a *pro se* plaintiff is expected to adhere to the timetables set by the court's rules or a show cause order.

## III. DISCUSSION

### A. The Plaintiff's complaint is dismissed for lack of subject matter jurisdiction.

■ The jurisdiction of the United States Court of Federal Claims is established by the Tucker Act, 28 U.S.C. § 1491. The Act provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim *against the United States* founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (emphasis added). However, "[t]he Tucker Act ... is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Therefore, a plaintiff's claim must be founded upon a substantive law that itself creates the right to recover money damages. *See id.; Jan's Helicopter Serv., Inc. v. F.A.A.,* 525 F.3d 1299, 1309 (Fed.Cir.2008).

■ In addition, pursuant to the Court of Federal Claims statute of limitations, 28 U.S.C. § 2501, claims for which the court has jurisdiction must be filed within six years of when the claim accrues.[1] It is well established that the statute of limitations in this court is jurisdictional in nature. *John R. Sand & Gravel Co. v. United States,* 552 U.S. 130, 134, 128 S.Ct. 750, 169 L.Ed.2d 591 (2008); *Martinez v. United States,* 333 F.3d

---

1. In pertinent part, 28 U.S.C. § 2501 provides that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be

barred unless the petition thereon is filed within six years after such claim first accrues."

1295, 1316 (Fed.Cir.2003). Thus, the statute of limitations is a threshold matter as part of determining whether the court has jurisdiction.

■ In this case, the Plaintiff names the State of South Dakota and the Seventh Judicial Circuit Court as the Defendants, but he seeks relief under a statute that provides for claims against the United States. Specifically, the Plaintiff requests that his case be "pursued under the Indian Claims Commission Act of 1942 where the time statute is not barred." Compl. at 3. Therefore, as an accommodation to the Plaintiff, the Court construes the complaint as against the United States.

■ The Indian Claims Commission Act of 1942 (60 Stat. 1049)("the Indian Claims Commission Act" or "the Act") provides for claims against the United States on behalf of any Indian tribe, band or other identifiable group of American Indians residing within the territorial limits of the United States. 25 U.S.C. § 70a (1976). The Act, however, sets forth time limits for presenting claims against the United States and requires that the claims first be presented to the Indian Claims Commission (before filing with a court) within five years after August 13, 1946. 25 U.S.C. § 70k. Because the Plaintiff's claim would certainly be time barred under the Indian Claims Commission Act, the Court looks to the Indian Tucker Act, 28 U.S.C. § 1505, which was passed to allow tribes to continue to pursue claims against the United States after the time limit of the Indian Claims Commission Act expired.[2]

■ The Indian Tucker Act, however, only provides this Court jurisdiction for claims by "any *tribe, band,* or other identifi-

able *group* of American Indians." *Id.* (emphasis added). In this case, the Plaintiff has filed a claim for alleged wrongs against himself as an individual. Thus, the Court does not have jurisdiction over Plaintiff's claim under section 1505.

■ Even if the Plaintiff pursued his individual claim under section 1491(a)(1), this Court would not have jurisdiction. Although the Plaintiff does not state a money-mandating statute in his complaint, it can be inferred from his complaint that he is seeking compensation for wrongful imprisonment because his case was allegedly overturned by the South Dakota Supreme Court. As provided by 28 U.S.C. § 1495, this Court has the power to "render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." But even if the Plaintiff's claim met the requirements of 28 U.S.C. § 1495,[3] his claim is time barred by this Court's statute of limitations. All claims filed in this Court must be brought within six years from the time they first accrue. 28 U.S.C. § 2501. The latest date that the Plaintiff's claim plausibly began to accrue would be when his alleged wrongful incarceration for the DUI and escape charges ended. The Plaintiff does not provide that date, but it was presumably on or near the date his case was allegedly overturned in 1996. Thus, because the Plaintiff filed his complaint in November 2010, his complaint is barred because the six-year statute of limitations has run.

Even though the Court has construed the Plaintiff's claim as broadly as possible, the Court lacks jurisdiction and must dismiss the Plaintiff's complaint.

**2.** 28 U.S.C. § 1505 provides that: "The United States Court of Federal Claims shall have jurisdiction of any claim against the United States accruing after August 13, 1946, in favor of any tribe, band, or other identifiable group of American Indians residing within the territorial limits of the United States or Alaska whenever such claim is one arising under the Constitution, laws or treaties of the United States, or Executive orders of the President, or is one which otherwise would be cognizable in the Court of Federal Claims if the claimant were not an Indian tribe, band or group."

**3.** An individual seeking damages under section 1495 must allege and prove that "he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction." 28 U.S.C. § 2513 (2006). Although the Plaintiff alleges that the South Dakota Supreme Court overturned his case, he provides no evidence in support.

**B. Additionally, the Plaintiff's complaint is dismissed for failure to prosecute.**

When a party fails to act in accordance with a court's order, Rule 41(b) allows for the dismissal of the case for failure to prosecute. Rule 41(b) provides in part that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision ... operates as an adjudication on the merits" (i.e., with prejudice). "[T]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1185 (Fed.Cir.1990) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently and disregards the court's rules and show cause order. *See Kadin Corp. v. United States*, 782 F.2d 175, 176–77 (Fed.Cir.1986).

In this case, the Plaintiff failed to respond to the Defendant's motion to dismiss and to the Court's show cause order. While this Court is sensitive to the potential difficulty of correspondence while imprisoned, Plaintiff's incarceration is still no reason to miss two court imposed deadlines. Furthermore, the Plaintiff has made no attempt to contact this Court to explain his inability to timely respond. The Plaintiff has had more than adequate time to respond or to request an extension of time to file a response.

Thus, the Court dismisses Plaintiff's complaint for failure to prosecute in accordance with Rule 41(b).

**C. The Plaintiff's request to proceed *in forma pauperis* is denied**

In the March 16, 2011 Order, the Court informed the Plaintiff that, pursuant to 28 U.S.C. § 1915(a)(2), he was required to provide a certified copy of his trust fund account statement for the Court to consider his application to proceed *in forma pauperis*. Because the Plaintiff has not responded to the Court's order and provided the required information, the Plaintiff's request to proceed *in forma pauperis* is denied.

**IV. CONCLUSION**

For the reasons stated above, the Court dismisses the Plaintiff's case for lack of subject matter jurisdiction and for failure to prosecute. In addition, the Court denies the Plaintiff's request to proceed *in forma pauperis*.

Accordingly, the Clerk of the Court is hereby directed to dismiss the complaint with prejudice.