# In the United States Court of Federal Claims

No. 15-1090C

(Filed: May 11, 2016)

```
************************************
                                 *
MARK PATTERSON,                  *
                                 *
                  Plaintiff,     *
                                 *
v.                               *
                                 *
THE UNITED STATES,               *
                                 *
                  Defendant.     *
                                 *
************************************
```

## DISMISSAL FOR FAILURE TO PROSECUTE

The Court, by its own motion, raises the dismissal of Mr. Patterson's complaint for failure to prosecute under Rule 41(b). On February 29, 2016, counsel for the Government filed a motion for judgment on the administrative record. Dkt. No. 10. Mr. Patterson's counsel failed to respond to the Government's motion by the Court's March 31, 2016 deadline. On April 6, 2016, the Court issued an order directing Mr. Patterson's counsel to respond to the Government's motion by April 15, 2016, including a statement why the Court should not dismiss Mr. Patterson's complaint for failure to prosecute. Dkt. No. 11. In its order, the Court warned Plaintiff's counsel that failure to comply with the Court's order will result in dismissal of the complaint. Id.

On April 15, 2016, counsel for Mr. Patterson filed a motion for an enlargement of time in which to respond to the Government's motion for judgment on the administrative record. Dkt. No. 12. Mr. Patterson's counsel failed to specify the amount of time requested. Counsel requested the extension in order to gain admission to the Court's bar. Id. After nearly nine months of unexplained delay, Mr. Patterson's counsel has submitted an application and been accepted to practice before this Court. However, as of today, Mr. Patterson's counsel has not filed a response to the Government's motion for judgment on the administrative record.

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it." Rule 41(b) is a necessary tool to ensure efficient docket management and prevent undue delays in litigation. Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962). "While dismissal of a claim is a harsh action, . . . it is justified when a party fails to pursue litigation diligently and disregards the court's rules and show cause order." Whiting v. United States, 99 Fed. Cl. 13, 17 (2011) (citing Kadin Corp. v. United States, 782 F.2d 175, 176-77 (Fed. Cir. 1986)). Here, Mr. Patterson failed to respond to the Government's motion for judgment on the administrative record and to the Court's show cause order. Dismissal is therefore not only appropriate, but required to maintain efficient usage of the Court's resources.

Accordingly, this case is DISMISSED, without prejudice, for failure to prosecute in accordance with Rule 41(b).

IT IS SO ORDERED.


s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge