ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| GSI & Whitesell-Green, JV | )   ASBCA No. 62216 |
| | ) |
| Under Contract No. FA3022-15-C-0001 | ) |

APPEARANCE FOR THE APPELLANT:     Mr. Josh Owens
        President

APPEARANCES FOR THE GOVERNMENT:     Jeffrey P. Hildebrant, Esq.
        Air Force Deputy Chief Trial Attorney
        Lt Col Byron G. Shibata, USAF
        Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE O'CONNELL

Per the request of appellant, the Board docketed this as a quantum appeal relating to our decision on entitlement under Board Rule 12.3 in *GSI & Whitesell-Green, J.V.*, ASBCA No. 61816, 19-1 BCA ¶ 37,289 (*GSI I*). While the parties were successful in negotiating the costs of the underlying work at issue, they have been unable to resolve what appellant refers to as "expenses related to the preparation of the [c]laim" (Bd. corr. ltr. dtd. November 11, 2019).

FINDINGS OF FACT

The Board issued its decision in *GSI I* on March 20, 2019. On September 24, 2019, the Air Force reported to the Board that the contracting officer had issued a modification in the amount of $9,828 (the amount sought by appellant in its claim) plus interest under the Contract Disputes Act, 41 U.S.C. § 7109(a)(1). The Air Force requested that the Board dismiss the appeal with prejudice. On that same date, appellant wrote to the Board acknowledging issuance of the modification but stating that it seeks "additional expenses for the work invested toward the preparation and execution of the Contractor's [] case . . ." (Bd. corr. ltr. dtd. September 24, 2019).

By letter dated October 4, 2019, the Board's Recorder notified the parties that after the Board issued *GSI I*, the Board removed the appeal from the active docket and intended to take no further action on it. The Recorder also stated that the Board would docket a quantum appeal at appellant's request if the parties could not resolve quantum. On October 11, 2019, appellant requested that the Board docket a quantum appeal.

The Board docketed the quantum appeal on October 15, 2019. On that same date, the Board issued an order on proof of costs.

On November 11, 2019, appellant filed its statement of costs. Citing the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) and Addendum I to the Board's Rules, Equal Access to Justice Act Procedures, appellant contended that it is entitled to the costs for the time its employees worked on No. 61816. It reasoned that if an attorney performed this work it would be compensable and it would be reasonable to compensate a contractor for the same work performed by an attorney, particularly when the contractor rates are much lower than those charged by attorneys. Attached to the statement, appellant submitted a spreadsheet reflecting 115.25 hours of administrative time billed at $36 per hour, plus labor burden of 36%, totaling $5,643. On top of this it adds overhead and profit at 10% each, bond at 1%, and a Mississippi construction tax at 3.5%, for a total of $7,137. Appellant identifies the start date for this work as September 25, 2018, the date on which it filed No. 61816. Appellant does not identify the employees who performed the work but the Board observes that Josh Owens (who has identified himself as the president or managing member) signed the notice of appeal, the complaint, supplemental Rule 4 file, and statement of costs while Nathan Green, Project Manager, signed its merits briefs.

## DECISION

The applicable portion of the EAJA statute provides:

> An agency that conducts an adversary adjudication shall award, to a prevailing party . . . fees and other expenses incurred by that party . . . . A party seeking an award of fees and other expenses shall . . . submit to the agency an application which shows . . . the amount sought, including an itemized statement from any attorney, agent, or expert witness . . . .

5 U.S.C. § 504(a). The statute defines "fees and other expenses" to include:

> [T]he reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the agency to be necessary for the preparation of the party's case, and reasonable attorney or agent fees . . . .

5 U.S.C. § 504(b).

The Federal Circuit considered a matter comparable to this appeal in *Fanning, Phillips, Molnar v. West*, 160 F.3d 717 (Fed. Cir. 1998). In *Fanning*, the Department of Veterans Affairs Board of Contract Appeals held that a prevailing appellant was entitled to attorney fees or fees paid to outside consultants or expert witnesses. On appeal, the Federal Circuit considered whether the statute also allowed for reimbursement of non-lawyer employees or principals of the contractor as "agents" of the contractor. The Court of Appeals held that it did not, explaining, among other things, that the use of the word "fees" in the statute suggested that it was referring to fees by those who supply the types of specialized services necessary to prosecute a claim, not the employees or principals of a contractor. *Id.* at 721.

The Court found additional support in the legislative history of the EAJA. The original bill would have included compensation for a party's personal absence from business at an hourly rate but the language was dropped from the enacted statute. *Fanning*, 160 F.3d at 722 (citing H.R. Rep. No. 96-1005, pt. 1, at 2 (1980)). The Court held that the "deletion indicates that compensable 'fees and expenses' were not intended to include lost opportunity costs of employee or principal time associated with prosecuting a claim." *Id.* The Court held that because none of the employees or the principal was an attorney, a specialized non-attorney practitioner, or an outside specialist retained to assist with the litigation, the costs were not recoverable under the EAJA. *Id.* Finally, the Court held that because the purpose of the statute was not to compensate for a personal absence from a business, none of the time spent by the employee or principal could be compensated as "other expenses" or as time spent by an "expert witness." *Id.*

GSI & Whitesell-Green does not identify any of the costs it seeks as time by an attorney, a specialized non-attorney practitioner, or an outside specialist or expert witness. Rather, the time appears to be that spent by its president, Mr. Owens, or Mr. Green, the project manager. Accordingly, these costs are not recoverable under the EAJA.

CONCLUSION

The appeal is denied.

Dated: January 30, 2020

MICHAEL N. O'CONNELL
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

3

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62216, Appeal of GSI & Whitesell-Green, JV, rendered in conformance with the Board's Charter.

Dated:

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

4