# In the United States Court of Federal Claims

No. 23-428
(Filed: 2 December 2024)[*]

```
**************************************
MICHAEL VEYTSEL                       *
                                      *
            Petitioner,               *
                                      *
v.                                    *
                                      *
SECRETARY OF HEALTH AND HUMAN         *
SERVICES,                             *
                                      *
            Respondent.               *
                                      *
**************************************
```

## ORDER

On 28 March 2023, *pro se* petitioner Michael Veytsel filed a petition "request[ing] compensation under the National Vaccine Injury Compensation program[] for injuries, including autism spectrum disorder, resulting from adverse effects of a measles mumps rubella vaccination received on January 13, 1988." *See* Pet. at 1, ECF No. 1. On 14 June 2023, the Special Master dismissed the case because petitioner's "May 2022 and March 2023 petitions allege[d] injury from the same . . . vaccine administration." 14 June 2023 Dismissal Order at 2–3, ECF No. 12. Petitioner also failed to show why this case "should not be dismissed under 42 U.S.C. § 300aa-11(b)(2)," which provides "only one petition may be filed for each administration of a vaccine." *Id.* On 15 February 2024, petitioner filed a notice of appeal with the Court of Appeals for the Federal Circuit. *See* Notice of Appeal, ECF No. 18; *Veytsel v. HHS*, No. 24-1476 (Fed. Cir. Feb. 15, 2024). On 28 May 2024, the Federal Circuit terminated petitioner's appeal and transferred the case to the undersigned for failing to first "seek review by the Court of Federal Claims." 28 May 2024 Order at 2–3, *Veytsel v. HHS*, No. 24-1476 (Fed. Cir. May 28, 2024), ECF No. 10.

On 26 August 2024, the Court noted there were "no pending motions in this case" after the transfer, and the Court was "unclear whether to construe petitioner's [then]-terminated notice of appeal as a new complaint or as a motion for review of the Special Master's dismissal." 26

[*] This Order was initially filed under seal on 7 November 2024 under Vaccine Rule 18(b) of the Rules of the Court of Federal Claims ("VRCFC"). Under VRCFC 18(b), each party shall have 14 days to carefully review this decision and request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." The Court provided the parties the opportunity to submit proposed redactions by 21 November 2024. As the parties did not propose redactions or objections to un-redacting this Order, this Order is now being reissued publicly in its original form.

Aug. 2024 Order at 2, ECF No. 23. The Court therefore ordered petitioner to show cause by 25 September 2024 "as to why this case should not be dismissed pursuant to 42. U.S.C. § 300aa-11(b)(2)." *Id.* The Court also "suspect[ed] it lack[ed] jurisdiction over petitioner's case" and stayed "all further briefing in this matter by the government pending the Court's review of petitioner's forthcoming response." *Id.* The Court sent the 26 August 2024 Order via certified mail to petitioner's only address listed on the docket sheet and Notice of Appeal, ECF No. 18. Petitioner "missed the 25 September 2024 deadline set by the Court's 26 August 2024 Order." 10 Oct. 2024 Order at 2, ECF No. 24. As *pro se* plaintiffs are unassisted by their nature, however, the Court may sometimes grant a *pro se* plaintiffs greater lenience in the filing process. In keeping with this permissive leniency, on 10 October 2024, the Court provided petitioner another chance to "respond to the Court's 26 August 2024 Order, on or before 25 October 2024," or the Court would have no choice but to dismiss petitioner's "case for failure to prosecute and show cause under" Rule 41(b) of the Rules of the United States Court of Federal Claims ("RCFC"). *See id.* The Court sent the 10 October Order via certified mail to petitioner's only address listed on the docket sheet and Notice of Appeal. *See* ECF No. 18.

When a party fails to comply with court orders, dismissal is not only appropriate, but also required to properly administer justice. "While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently . . . ." *Whiting v. United States*, 99 Fed. Cl. 13, 17 (2011) (citing *Kadin Corp. v. United States*, 782 F.2d 175, 176–77 (Fed. Cir. 1986)). RCFC 41(b) further provides "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, the court may dismiss on its own motion." RCFC 41(b).

Moreover, "the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with . . . any order of . . . the court." VRCFC 21(c)(1). "Unless the decision states otherwise, a dismissal under . . . subdivision (c) is with prejudice." VRCFC 21(c)(2). Further, a petitioner's inaction and failure to abide by the Court's orders risks dismissal of the case. *See, e.g.*, *Tsekouras v. Sec'y of Dep't of Health & Hum. Servs.*, 26 Cl. Ct. 439, 442–43 (1992), *aff'd without opin.*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam); *Sapharas v. Sec'y of Dep't of Health & Hum. Servs.*, 35 Fed. Cl. 503, 504–05 (1996).

Petitioner has not submitted or filed any documents with the Court since sending a letter on 12 April 2023 and filing an appeal with the Federal Circuit on 2 February 2024. Petitioner has missed both the 25 September 2024 deadline set by the Court's 26 August 2024 Order and the 25 October 2024 deadline set by the Court's 10 October 2024 Order. The Court therefore has no choice but to **DISMISS** this matter under RCFC 41(b) and VRCFC 21(c)(1)–(2) for failure to prosecute, show cause, and comply with the Court's 26 August and 10 October 2024 Orders. Accordingly, the Court considers this matter closed.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge