# In the United States Court of Federal Claims

## NOT FOR PUBLICATION

No. 25-2091C
(Filed: April 28, 2026)

|  |  |
|---|---|
| **ERIKA AZIEGBE**, | ) |
|  | ) |
| *Plaintiff,* | ) |
|  | ) |
| v. | ) |
|  | ) |
| **UNITED STATES**, | ) |
|  | ) |
| *Defendant.* | ) |
|  | ) |

*Trevon J. Watson*, Law Office of Trevon Watson, PLLC, Houston, TX, for plaintiff.

*Ioana C. Meyer*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for defendant. With her on the briefs were *Brett A. Shumate*, Assistant Attorney General, and *Patricia M. McCarthy*, Director, and *Elizabeth M. Hosford*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC.

## ORDER OF DISMISSAL

In this action, plaintiff Erika Aziegbe, Ed.D., claims the United States, acting through the United States Department of Agriculture–Rural Development, Rural Housing Service (USDA–RD, RHS), wrongfully converted her construction loan to a permanent loan. On this basis, she asserted several claims, all but two of which the Court dismissed *sua sponte* for lack of subject-matter jurisdiction on February 4, 2026.[1] *Aziegbe v. United States*, No. 25-2091, 2026 WL 311684 (Fed. Cl. Feb. 4, 2026). The remaining claims are breach of contract and a request for declaratory judgment. On March 11, 2026, the government moved to dismiss both claims for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). ECF 8. Dr. Aziegbe opposes dismissal of her breach of contract claim but stipulates to the dismissal of her request for declaratory judgment. ECF 9 at 9 ("Plaintiff hereby withdraws her claim for

---

[1] The Court also denied plaintiff's application for emergency injunctive relief.

declaratory judgment against USDA."). As a result, the only claim at issue is Dr. Aziegbe's breach of contract claim.

Although the parties raised many issues in their briefing on the government's motion to dismiss, the decisive issue in this case was not addressed by either party. In short, the applicable statutory and regulatory scheme divests this Court of jurisdiction over Dr. Aziegbe's breach of contract claim. Consequently, the claim must be dismissed under RCFC 12(h)(3). *Cf. Austin v. United States*, 118 Fed. Cl. 776, 792–95 (2014); *see* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*." (citing *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998))).

Under the statutory scheme governing the USDA loan program at issue in this case:

> Notwithstanding any other provision of law, a person shall exhaust all administrative appeal procedures established by the Secretary [of Agriculture] or required by law before the person may bring an action in a court of competent jurisdiction against—
>
> > (1) the Secretary;
> >
> > (2) the Department; or
> >
> > (3) an agency, office, officer, or employee of the Department.

7 U.S.C. § 6912(e) ("Exhaustion of administrative appeals"). By regulation, the administrative exhaustion requirement broadly applies to "adverse decisions" by USDA in administering programs and benefits. 7 C.F.R. § 11.3(a) ("Applicability"). These administrative procedures require a timely appeal to USDA's National Appeals Division (NAD) and, if unsuccessful, a timely request for review by the NAD Director. 7 C.F.R. §§ 11.6(b) ("Director review of agency determination of appealability and right of participants to Division hearing"), 11.8 ("Division hearings"), 11.9 ("Director review of determinations of Hearing Officers"), 11.11 ("Reconsideration of Director determinations"). After exhausting these administrative remedies, a dissatisfied claimant may seek judicial review of a final agency determination in "any United States District Court of competent jurisdiction . . . ." 7 U.S.C. § 6999 ("Judicial review"); 7 C.F.R. § 11.13(a) (same).

The United States Court of Appeals for the Federal Circuit has expressly withheld judgment on whether the administrative exhaustion requirement of 7 U.S.C. § 6912(e) is jurisdictional. *St. Bernard Par. Gov't v. United States*, 916 F.3d 987, 993 (Fed. Cir. 2019). Accordingly, the resolution of this case does not turn on

whether Dr. Aziegbe in fact exhausted her administrative remedies.[2] Rather, the insurmountable jurisdictional hurdle for Dr. Aziegbe is Congress's decision to direct all appeals from the NAD to the federal district courts rather than this Court. By channeling those appeals to the district courts, Congress displaced this Court's general Tucker Act jurisdiction as to matters that should have been brought in the NAD in the first instance—regardless of whether the plaintiff actually sought such relief. *Id.* at 997–98. As succinctly stated by the Federal Circuit in *St. Bernard Parish*, "with or without exhaustion, judicial review would be conducted in a district court." *Id.* at 993.

The dispositive question in this case is thus whether Dr. Aziegbe's remaining claim should have been brought in the NAD. If so, then this Court does not have subject-matter jurisdiction. On this issue, this Court's decision in *Austin* is instructive. The plaintiffs in *Austin* brought substantially the same breach of contract claim as Dr. Aziegbe, asserting that USDA–RD, RHS wrongfully converted their construction loan to a permanent loan. 118 Fed. Cl. at 779. The Court held that USDA–RD, RHS's loan conversion was an "adverse decision[]" subject to challenge in the NAD and, therefore, beyond this Court's jurisdiction. *Id.* at 795 (quoting 7 C.F.R. § 11.3(a)). The undersigned agrees. "Adverse decision means an administrative decision made by an officer, employee, or committee of an agency [of USDA] that is adverse to a participant." 7 C.F.R. § 11.1. "Agency," in turn, includes Rural Development and "[p]articipant means any individual or entity who has applied for, or whose right to participate in or receive, a payment, loan, loan guarantee, or other benefit in accordance with any program of an agency to which the regulations in this part apply is affected by a decision of such agency." *Id.* Under that definition, Dr. Aziegbe is a "participant" in an applicable program—i.e., the Single Family Housing Direct Home Loan Program. Accordingly, the USDA representative's decision to convert her construction loan to permanent loan was an "adverse decision" appealable to the NAD. *Cf. Austin*, 118 Fed. Cl. at 792–95. Because federal district courts have exclusive jurisdiction over NAD appeals, Dr. Aziegbe's claim must be dismissed.

For the foregoing reasons,

(1) Plaintiff's declaratory judgment claim is voluntarily **DISMISSED** pursuant to RCFC 41(a)(2);

(2) Plaintiff's breach of contract claim is **DISMISSED** for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3);

(3) Defendant's motion to dismiss for failure to state a claim upon which relief can be granted under RCFC 12(b)(6) (ECF 8) is **DENIED** as moot; and

---

[2] To be clear, nothing in Dr. Aziegbe's filings suggests she availed herself of the NAD appeal process.

3

(4) The Clerk of Court is directed to **ENTER** judgment accordingly. No costs.

It is so **ORDERED**.

Armando O. Bonilla
Judge

4