# United States Court of Appeals for the Federal Circuit

2006-1426, -1427, -1428

WILLIAM J. SOUDERS, PHYLLIS W. SOUDERS, C. BARRY MARSH,
JUSTIN MARSH, FRANK M. O'BRIEN, III, TERESA MARSH FOXWORTH,
LEWIS DREW MARSH, SARAH OVER, ALLEN D. FORE, BETTYE S. MARSH,
JOE EASLEY (Personal Representative of the Estate of Alice V. Lucas),
MCLEOD LUMBER COMPANY, INC., DOROTHY MCLEOD RHODES,
HELEN M. BRADHAM, DARLINGTON VENEER COMPANY, INC.,
BUBENDORF BROTHERS, INC., SUSAN SHEPPARD, JAMES M. SIMONS,
MICHAEL TAPPERT, ELIZABETH SINGLETON GRAYSON, EUGENE COLLINS,
BARBARA COLLINS, RALPH HOFFMAN, JOHN D. HOLLINGSWORTH,
JESSE D. RUSSELL, and CAROLE R. RUSSELL,

Plaintiffs-Appellees,

v.

SOUTH CAROLINA PUBLIC SERVICE AUTHORITY (also known as Santee Cooper),

Defendant-Appellant,

and

UNITED STATES,

Movant-Appellee.

-------------------------------------------------------------------------------

WILLIAM J. SOUDERS, PHYLLIS W. SOUDERS, C. BARRY MARSH,
JUSTIN MARSH, FRANK M. O'BRIEN, III, TERESA MARSH FOXWORTH,
LEWIS DREW MARSH, ALLEN D. FORE, BETTYE S. MARSH,
JOE EASLEY (Personal Representative of the Estate of Alice V. Lucas),
DOROTHY MCLEOD RHODES, HELEN M. BRADHAM,
DARLINGTON VENEER COMPANY, INC., BUBENDORF BROTHERS, INC.,
SUSAN SHEPPARD, JAMES M. SIMONS,
MICHAEL TAPPERT, ELIZABETH SINGLETON GRAYSON, EUGENE COLLINS,
BARBARA COLLINS, RALPH HOFFMAN, ELBERT SMALLS,
JOHN D. HOLLINGSWORTH, JESSE D. RUSSELL, and CAROLE R. RUSSELL,

Plaintiffs-Appellees,

v.

SOUTH CAROLINA PUBLIC SERVICE AUTHORITY (also known as Santee Cooper),

Defendant-Appellant,

and

UNITED STATES,

Movant-Appellee.

-------------------------------------------------------------------------------

HERBERT BUTLER, PHYLLIS W. SOUDERS, C. BARRY MARSH,
JUSTIN MARSH, MARY O. SWATEK, FRANK SWATEK,
LINDA H. FORE (Personal Representative of the Estate of Allen D. Fore),
BETTYE S. MARSH ROBERTS, DOROTHY M. RHODES, HELEN M. BRADHAM,
DARLINGTON VENEER COMPANY, BUBENDORF BROTHERS, INC.,
SUSAN SHEPPARD, HOLLINGSWORTH FUNDS, INC.,
ELIZABETH S. GRAYSON, RALPH HOFFMAN, FRANK M. O'BRIEN, III,
BARBARA COLLINS (Personal Representative of the Estate of Eugene Collins),
JOE EASLEY (Personal Representative of the Estate of Alice V. Lucas),
ELBERT SMALLS, BUCKY WATKINS, and JAMES L. LAMBERT,

Plaintiffs-Appellees,

v.

SOUTH CAROLINA PUBLIC SERVICE AUTHORITY (also known as Santee Cooper),

Defendant-Appellant,

and

UNITED STATES,

Movant-Appellee.

J. Edward Bell, III, Law Firm of J. Edward Bell, LLC, of Georgetown, South Carolina, argued for plaintiffs-appellees.

Timothy A. Ngau, Alston & Bird LLP, of Washington, DC, argued for defendant-appellant.

Ryan D. Nelson, Attorney, United States Department of Justice, of Washington, DC, argued for movant-appellee. On the brief were Sue Ellen Wooldridge, Assistant Attorney General, and Matthew J. Sanders, Attorney, Appellate Section, Environment & Natural Resources Division, United States Department of Justice, of Washington, DC. Of counsel were Fred R. Disheroon and Malcolm L. Stewart, United States Department of Justice, of Washington, DC.

Appealed from: United States District Court for the District of South Carolina

Judge Patrick Michael Duffy

# United States Court of Appeals for the Federal Circuit

2006-1426, -1427, -1428

WILLIAM J. SOUDERS, PHYLLIS W. SOUDERS, C. BARRY MARSH,
JUSTIN MARSH, FRANK M. O'BRIEN, III, TERESA MARSH FOXWORTH,
LEWIS DREW MARSH, SARAH OVER, ALLEN D. FORE, BETTYE S. MARSH,
JOE EASLEY (Personal Representative of the Estate of Alice V. Lucas),
MCLEOD LUMBER COMPANY, INC., DOROTHY MCLEOD RHODES,
HELEN M. BRADHAM, DARLINGTON VENEER COMPANY, INC.,
BUBENDORF BROTHERS, INC., SUSAN SHEPPARD, JAMES M. SIMONS,
MICHAEL TAPPERT, ELIZABETH SINGLETON GRAYSON, EUGENE COLLINS,
BARBARA COLLINS, RALPH HOFFMAN, JOHN D. HOLLINGSWORTH,
JESSE D. RUSSELL, and CAROLE R. RUSSELL,

Plaintiffs-Appellees,

v.

SOUTH CAROLINA PUBLIC SERVICE AUTHORITY
(also known as Santee Cooper),

Defendant-Appellant,

and

UNITED STATES,

Movant-Appellee.

-------------------------------------------------------------------------------

WILLIAM J. SOUDERS, PHYLLIS W. SOUDERS, C. BARRY MARSH,
JUSTIN MARSH, FRANK M. O'BRIEN, III, TERESA MARSH FOXWORTH,
LEWIS DREW MARSH, ALLEN D. FORE, BETTYE S. MARSH,
JOE EASLEY (Personal Representative of the Estate of Alice V. Lucas),
DOROTHY MCLEOD RHODES, HELEN M. BRADHAM,
DARLINGTON VENEER COMPANY, INC., BUBENDORF BROTHERS, INC.,
SUSAN SHEPPARD, JAMES M. SIMONS, MICHAEL TAPPERT,
ELIZABETH SINGLETON GRAYSON, EUGENE COLLINS, BARBARA COLLINS,
RALPH HOFFMAN, ELBERT SMALLS, JOHN D. HOLLINGSWORTH,
JESSE D. RUSSELL, and CAROLE R. RUSSELL,

Plaintiffs-Appellees,

v.

SOUTH CAROLINA PUBLIC SERVICE AUTHORITY
(also known as Santee Cooper),

Defendant-Appellant,

and

UNITED STATES,

Movant-Appellee.

-----------------------------------------------------------------------------

HERBERT BUTLER, PHYLLIS W. SOUDERS, C. BARRY MARSH,
JUSTIN MARSH, MARY O. SWATEK, FRANK SWATEK,
LINDA H. FORE (Personal Representative of the Estate of Allen D. Fore),
BETTYE S. MARSH ROBERTS, DOROTHY M. RHODES, HELEN M. BRADHAM,
DARLINGTON VENEER COMPANY, INC., BUBENDORF BROTHERS, INC.,
SUSAN SHEPPARD, HOLLINGSWORTH FUNDS, INC.,
ELIZABETH S. GRAYSON, RALPH HOFFMAN, FRANK M. O'BRIEN, III,
BARBARA COLLINS (Personal Representative of the Estate of Eugene Collins),
JOE EASLEY (Personal Representative of the Estate of Alice V. Lucas),
ELBERT SMALLS, BUCKY WATKINS, and JAMES L. LAMBERT,

Plaintiffs-Appellees,

v.

SOUTH CAROLINA PUBLIC SERVICE AUTHORITY
(also known as Santee Cooper),

Defendant-Appellant,

and

UNITED STATES,

Movant-Appellee.

_____

DECIDED: August 10, 2007
_____

Before MICHEL, Chief Judge, MAYER and DYK, Circuit Judges.

MICHEL, Chief Judge.

Defendant South Carolina Public Service Authority ("SCPSA") appeals the order of the United States District Court for the District of South Carolina denying a motion of the United States to intervene and transfer to the United States Court of Federal Claims three lawsuits filed by plaintiffs against SCPSA. See Souders v. S.C. Pub. Serv. Auth., Nos. 2:93-cv-3077-23, 2:97-0673-23, 2:03-0934-23 (D.S.C. April 12, 2006) (order denying motion to intervene and transfer). We have jurisdiction under 28 U.S.C. § 1292(d)(4)(A) to hear an interlocutory appeal of an order denying a motion to transfer to the Court of Federal Claims. Because the Court of Federal Claims lacks subject matter jurisdiction to hear any of plaintiffs' claims in these three cases, we affirm.

## I.  BACKGROUND

SCPSA is a public utility company in South Carolina. Since 1942, SCPSA has operated a series of hydroelectric plants on the Santee and Cooper Rivers under license from the Federal Energy Regulatory Commission ("FERC"), collectively known as the Santee Cooper Diversion Project ("Santee Project"). These waterworks disrupted Charleston Harbor, thus Congress authorized the Army Corps of Engineers ("Corps") to construct new waterworks, collectively known as the Cooper River Rediversion Project ("Rediversion Project"), to rectify the problem. The centerpiece of the Rediversion Project is the St. Stephen hydroplant.

The Corps contracted with SCPSA in 1977 to operate the Rediversion Project, which entered service in 1985. The 1977 contract provides that after fifty years, SCPSA

would acquire title to the Rediversion Project from the federal government. Until then, the contract provides that the federal government would "assume the risk of all claims arising from the construction and operation" of the facilities, "except those arising from the fault or negligence of [SCPSA]." Further, the contract requires that SCPSA gives timely notice to the government of any such claims.

In 1993, plaintiffs filed suit in state court against SCPSA alleging that its operation of the dams and related facilities in the area caused their lands along the Santee River to be flooded. The complaint made claims of negligence, trespass, and inverse condemnation/governmental taking under both the South Carolina and United States Constitutions. Pursuant to the 1977 contract, SCPSA informed the Corps of the lawsuit within days. SCPSA then removed this suit to federal district court and filed a third-party complaint against the United States. The district court dismissed the third-party complaint, holding that the United States was immune to the tort claims under the discretionary function exception to the Federal Tort Claims Act, and that it lacked jurisdiction over the contractual indemnity claims.

The district court proceeded to trial on plaintiffs' 1993 lawsuit, and the jury returned a verdict against SCPSA on the trespass and takings claims, rejecting SCPSA's asserted government contractor immunity defense.[1] SCPSA moved for judgment as a matter of law on government contractor immunity grounds; the district court denied the motion because it held that SCPSA had broad discretion under the 1977 contract in operating the Rediversion Project and thus its actions were not sufficiently controlled by the government. The United States Court of Appeals for the

---

[1] The district court bifurcated the liability and damages portions of the case. The damages trial has been stayed pending the outcome of this appeal.

Fourth Circuit dismissed the ensuing appeal, remanding for consideration of whether the liable conduct fell within the scope of SCPSA's FERC license so as to preclude a government contractor defense.[2]  The district court found that the conduct in question related to SCPSA's operation of the St. Stephen plant, not the Santee Project, thus it was not within the scope of the FERC license.  As a result, the court maintained its earlier holding as to the government contractor defense.  SCPSA did not appeal this decision.  Meanwhile, plaintiffs proceeded to file additional lawsuits in 1997, 2003, and 2005 to seek relief for alleged continuing damage due to the same, still continuing conduct.  All of these cases have been stayed pending the outcome of this appeal.

In 2003, SCPSA filed a claim against the Corps under the 1977 contract seeking reimbursement for any damages awarded, as well as attorney's fees and costs, for the various ongoing cases relating to the Rediversion Project.  The claim resulted in a decision by the Armed Services Board of Contract Appeals holding that the 1977 contract obligated the federal government to indemnify SCPSA subject to potential defenses.  The federal government then filed a motion to intervene in the 1993, 1997, and 2003 actions against SCPSA and transfer to the Court of Federal Claims due to a lack of subject matter jurisdiction.  SCPSA filed a brief in support of the government's motion.

On April 12, 2006, the district court issued an order denying the government's motion to intervene and transfer in all three cases and holding that it did have

---

[2]     Under 16 U.S.C. § 803(c), a FERC licensee is "liable for all damages occasioned to the property of others by the construction, maintenance, or operation of the project works or of the works appurtenant or accessory thereto, constructed under the license."

2006-1426, -1427, -1428                    5

jurisdiction over all the claims. Both SCPSA and the government timely filed appeals to this Court; the government later withdrew its appeal.

## II. DISCUSSION

The scope of our review here is limited. Under 28 U.S.C. § 1292(d)(4)(A), our jurisdiction is restricted to a review of the district court's denial of the United States' motion to transfer these cases to the Court of Federal Claims.[3] We conduct this review de novo. See Consol. Edison Co. of N.Y. v. U.S. Dep't of Energy, 247 F.3d 1378, 1382 (Fed. Cir. 2001); James v. Caldera, 159 F.3d 573, 578 (Fed. Cir. 1998).

It is well settled that transfer of a case to another court is only permissible if the destination court has subject matter jurisdiction to hear the case.[4] 28 U.S.C. § 1631; James, 159 F.3d at 582-83. Thus here, a crucial inquiry is whether the Court of Federal Claims has subject matter jurisdiction over the claims of the three civil actions at issue. The jurisdiction of the Court of Federal Claims is set forth in 28 U.S.C. § 1491(a), which states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

---

[3] While the order also ruled on the United States' motion to intervene, that portion of the order is not before us in this appeal.

[4] Under 28 U.S.C. 1631, transfer in "a civil action" is warranted only when there is a "want of jurisdiction," transfer is "in the interest of justice," and the action "could have been brought at the time it was filed or noticed" in the transferee court. Here, since the question of whether the Court of Federal Claims would have had subject matter jurisdiction over the actions at issue—such that they "could have been brought" in that court—is dispositive, we need not address whether the other prerequisites to transfer are met.

The claims of the three lawsuits at issue can be summarized as generally consisting of (1) tort claims,[5] (2) other state law claims,[6] (3) a claim that SCPSA was in violation of its FERC license, and (4) takings claims under the United States Constitution. It is immediately clear that the tort claims are clearly outside the limited jurisdiction of the Court of Federal Claims and thus cannot be transferred there. See 28 U.S.C. § 1491(a)(1) (excluding jurisdiction over cases "sounding in tort"). Claims founded on state law are also outside the scope of the limited jurisdiction of the Court of Federal Claims. See id.; United States v. Mitchell, 463 U.S. 206, 215-18 (1983) (interpreting 28 U.S.C. § 1491 as limiting the jurisdiction of the Court of Claims to monetary claims founded upon the U.S. Constitution, federal statutes or regulations, or federal contracts). And the Court of Federal Claims similarly lacks jurisdiction to adjudicate claims by third parties that a FERC licensee is in violation of its license.[7]

The Court of Federal Claims is empowered to hear cases in which a plaintiff seeks just compensation for a taking under the Fifth Amendment as such a claim is "against the United States founded . . . upon the Constitution." See 28 U.S.C. § 1491(a)(1). By definition, a claim for just compensation under the takings clause of the Fifth Amendment must be against the United States since it applies only to the federal government. See Chicago, Burlington & Quincy R.R. Co. v. City of Chicago, 166 U.S. 226, 238-39 (1897) (citing Scott v. City of Toledo, 36 F. 385, 395 (C.C.N.D. Ohio 1888)).

---

[5] More specifically, these claims consist of negligence and trespass claims.

[6] These claims are takings claims under the South Carolina state constitution and a claim under S.C. Code § 49-11-10 (1976), which prohibits the construction or maintenance of a dam that causes water to overflow onto another's property without consent.

[7] Plaintiffs also filed an action with FERC essentially on this claim. That action was dismissed by the agency.

Takings by state governments, such as by a state agency, are governed by the Fourteenth Amendment, which incorporates the Fifth Amendment's takings clause under its due process clause. Id.; see also Tuthill Ranch, Inc. v. United States, 381 F.3d 1132, 1135-36 (Fed. Cir. 2004) (noting that a state law was held to have facilitated a taking "under the Fourteenth Amendment, rather than the Fifth" in Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419 (1982)). But because such Fourteenth Amendment due process claims are against a state governmental entity and are not "against the United States," the Court of Federal Claims does not have jurisdiction over them. See LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Court of Federal Claims only has jurisdiction over monetary claims against the federal government and that this does not include Fourteenth Amendment due process claims).

Here, plaintiffs filed suit on claims against the SCPSA, a state utility, alleging that its activities in operating various dams and related facilities caused flooding of their lands that constituted a taking under the United States Constitution. These claims are Fourteenth Amendment claims against a state agency and are not "against the United States" within the meaning of 28 U.S.C. § 1491(a). The Court of Federal Claims thus lacks subject matter jurisdiction over these claims.

SCPSA argues that despite the way plaintiffs chose to tailor their claims, this court should instead construe the takings claims—and indeed all of the claims—as claims "against the United States." SCPSA argues this is so because it operated the St. Stephen hydroplant and the Rediversion Project pursuant to a contract with the Corps, which is the true owner of the Rediversion Project. SCPSA further argues that the 1977

contract was drafted with the intent that SCPSA be immunized from any and all liability arising from its operation of the Rediversion Project, liability instead being wholly borne by the federal government.

These arguments, however, are irrelevant. While the facts may or may not support a Fifth Amendment takings claim by plaintiffs against the United States, no such claim was pursued by the plaintiffs in the cases now before us.[8] Further, whether plaintiffs' takings claims against SCPSA will succeed considering the relationship between SCPSA and the Corps does not bear on whether the Court of Federal Claims would have jurisdiction should these cases be transferred. And an agreement by the United States to indemnify and assume liability for SCPSA's activities, if such an agreement is ultimately found to exist and apply here, does not transform plaintiffs' Fourteenth Amendment takings claims into Fifth Amendment claims against the United States. Therefore, the district court properly denied the motion to transfer these cases to the Court of Federal Claims.

## CONCLUSION

For the foregoing reasons, the order of the United States District Court for the District of South Carolina is

## AFFIRMED.

---

[8] We express no view as to whether the facts of these cases would actually support a Fifth Amendment takings claim, nor any view as to the merits of such a claim were it to be asserted. Here, the complaints do not assert a Fifth Amendment takings claim, and plaintiffs' counsel confirmed at oral argument that no such claim was being asserted. We thus have no occasion to determine whether the assertion of such a Fifth Amendment takings claim against a nominal defendant (such as an officer or agent of the United States), where the United States is the real party in interest, could be transferred to the Court of Federal Claims (with the United States ultimately substituted as the defendant).

2006-1426, -1427, -1428                    9