# In the United States Court of Federal Claims

No. 13-762C
(Filed: February 20, 2014)

|  |  |  |
|---|---|---|
| ROBERT A. GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | Motion to Dismiss; Change of Legacy |
| | ) | Treasury Direct Account Registration; |
| v. | ) | 31 C.F.R. § 357.21; 31 C.F.R. § |
| | ) | 357.42 |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Steven H. Jesser*, Skokie, IL, for plaintiff.

*Daniel B. Volk*, Commercial Litigation Branch, United States Department of Justice, Washington, DC, with whom were *Lisa Martin*, Bureau of the Fiscal Service, Office of the Chief Counsel, United States Department of the Treasury, Parkersburg, WV, and *Stuart F. Delery*, Assistant Attorney General, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Pending before the court is the motion of defendant, the United States ("the government"), to dismiss, pursuant to Rule 12(b)(1) or, in the alternative, 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), the complaint filed by plaintiff, Robert A. Green ("Mr. Green"). In his complaint, Mr. Green "claims entitlement to damages from defendant United States of [America] for funds erroneously, mistakenly, and negligently paid to another," by the government from a Legacy Treasury

Direct[1] account ("Legacy Account") in the United States Treasury ("Treasury"). Comp. at 1, ECF No. 1. The United States argues that the complaint does not state a plausible claim against the United States within the Court's jurisdiction and thus the complaint should be dismissed. In the alternative, the government argues that, even if this court has jurisdiction over the claim, the plaintiff cannot state a claim for which relief can be granted. For the reasons that follow, the court finds that this court does not have jurisdiction over plaintiff's claims; thus, the case must be dismissed under RCFC 12(b)(1) because the subject regulations do not provide a right to damages.

## I.    BACKGROUND

According to the complaint, Mr. Green was once named as the sole beneficiary of the Legacy Account[2] established by his aunt, Ann C. Spiegel. Compl. at ¶ 4. Apparently, when she first established the account, it was payable on death ("POD") to Mr. Green. Id. On August 13, 2008, Ms. Spiegel executed a durable power of attorney appointing Mark Samuels, who was also her nephew, as her attorney-in-fact.[3] App. to

---

[1] "The Legacy Treasury Direct system is a non-Internet-based book-entry system maintained by Treasury for purchasing and holding marketable Treasury securities as book-entry products." 31 C.F.R. § 357.0(a)(2); see generally TreasuryDirect.gov, Legacy Treasury Direct, http://www.treasurydirect.gov/indiv/myaccount/myaccount_legacytd.htm (last visited Feb. 20, 2014)

[2] As noted above, Legacy Accounts are maintained by the United States Treasury for purchasing and holding marketable Treasury securities as book-entry products. 31 C.F.R. § 357.0(a)(2).

[3] The government has provided the court with an appendix containing four documents: (1) Ms. Spiegel's power of attorney; (2) the transaction request to change the registration of Ms. Spiegel's account; (3) a computer print-out from the Bureau of the Fiscal Service in Parkersburg, West Virginia at 2:17 p.m. Eastern Time on October 14, 2008; and (4) Ms. Spiegel's death certificate.

Mot. to Dismiss at 22, ECF No. 5; see Compl. at ¶ 7, 9. Thereafter, on September 25, 2008, an attorney, Howard S. Bornstein, electronically submitted a "Legacy Treasury Direct Transaction Request" to the Treasury Retail Securities Site on behalf of Ms. Spiegel requesting a registration change from "Ann C. Spiegel POD Robert Green to Ann C. Spiegel, Trustee for the Ann C. Spiegel Revocable Trust ["Spiegel Trust"] dated August 13, 2008." App. to Mot. to Dismiss at 25-27; see Compl. at ¶ 9. The request was signed for Ms. Spiegel by Mr. Samuels, her attorney-in-fact. Id. According to the records from the Bureau of the Fiscal Service in Parkersburg, West Virginia, the Treasury processed the request and changed the registration on October 14, 2008 at 2:14 p.m. Eastern Time. App. to Mot. to Dismiss at 28; see Compl. at ¶ 10. Ms. Spiegel died in Los Angeles County, California on that same date, October 14, 2008, at 3:30 p.m. Eastern Time. App. to Mot. to Dismiss at 29; see Compl. at ¶ 2.

According to Mr. Green, Mr. Samuels violated California state law when he signed and had submitted the forms used to change the registration on Ms. Spiegel's Legacy Account. Mr. Green claims that by virtue of the government making the registration change he was forced to share his inheritance with Mr. Samuels and Barbara Bautista, who was Ms. Spiegel's niece and Mr. Samuel's sister. These two individuals, along with Mr. Green, were the three beneficiaries of the Spiegel Trust.

Mr. Green sued Mr. Samuels for tortious inference with an expected inheritance when he learned in 2010 that the Legacy Account had been originally established on March 3, 2008 and registered "Ann C. Spiegel POD Robert A. Green." That lawsuit was

settled before this case was filed. The plaintiff claims, however, that he remains "damaged by more than $375,000.00."

In this suit against the United States, Mr. Green alleges that the government violated his rights to Ms. Spiegel's Legacy Account by processing the registration change without confirming that the request complied with California state law and seeks monetary damages on this basis. The plaintiff also contends that the government's actions were negligent because the government failed to investigate Mr. Samuel's authority before changing Ms. Spiegel's account. He further contends that Treasury's actions in changing the account upon receiving September 25, 2008 request and without notice to plaintiff amounted to a violation of his due process rights under the Fifth Amendment.

## II. DISCUSSION

It is well-settled that the burden is on the plaintiff to prove jurisdiction by a preponderance of the evidence. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). Ordinarily, undisputed factual allegations contained in the complaint must be treated as true. See Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995). However, in resolving disputes regarding jurisdictional facts, the court may look beyond the pleadings. See Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). If the Court finds that it lacks subject-matter jurisdiction, it must dismiss the complaint. See Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).

Under the Tucker Act, this court has "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of

Congress or any regulation of an executive department, or upon any express or implied contract with the United States." 28 U.S.C. § 1491(a) (2012). Mr. Green does not allege that he had a contract with the United States. Rather, he bases his claim on Treasury regulations set forth at 31 C.F.R. §§ 357.20 to 357.32,[4] which he alleges were violated in contravention of California state law when he was removed as the POD beneficiary on Ms. Spiegel's Legacy Account. The government argues that this court does not have jurisdiction over this claim because Mr. Green does not have any right to direct payment as the sole beneficiary under the above-cited regulations after the transfer of registration to the Spiegel Trust. Further, the government argues that the United States is immune from liability, and thus damages, for actions that it takes in making changes to Legacy Accounts in accordance with transfer requests.

When a complaint is filed, the court must determine if the regulations which serve as the basis for the claim are money-mandating. Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005). If the court determines that the source identified is not money-mandating, the court must dismiss the case. Id. Here, the government argues that Mr. Green's complaint must be dismissed because, under the applicable regulations, POD beneficiaries like Mr. Green do not have any rights "[d]uring an owner's lifetime [and that] a transaction request may be executed by the owner without the consent of the beneficiary." 31 C.F.R. § 357.21(b)(2)(iii). As such, the government continues, Mr. Green had no ownership rights as the designated sole beneficiary to Ms. Spiegel's Legacy

_____

[4] The plaintiff mistakenly identified a different set of regulations in his complaint. He now agrees that the above-cited regulations are the correct regulations to be applied. See Resp. to Mot. to Dismiss at ¶ 19.

5

Account before Ms. Spiegel's death. Further, the government argues, after the registration for Ms. Spiegel's Legacy Account was changed, he no longer had a right to direct payment as the POD beneficiary. Rather, Mr. Green was only entitled to monies through the Spiegel Trust.

The court agrees with the government. The death certificate submitted by the government establishes that Ms. Spiegel died on October 14, 2008 at 12:30 p.m. Pacific Time, after the Legacy Account change was made and Mr. Green was removed as the POD beneficiary. Mr. Green therefore had no right to direct payment by the government as the POD beneficiary upon Ms. Spiegel's death. After the registration was changed, Mr. Green's right to payment was only from the Spiegel Trust. Indeed, Mr. Green is not seeking to compel a payment as the POD beneficiary of Ms. Spiegel's Legacy Account. Rather, as discussed below, he is challenging the government's actions in changing Ms. Spiegel's Legacy Account registration to the Spiegel Trust.

With regard to the registration change, the government argues that the case must be dismissed because there is no right to damages under Treasury regulations for actions taken by the United States in making changes pursuant to transfer requests. Thus, the government argues, the United States cannot be sued for allegedly "disregarding [California] state law in allowing the change of beneficiary," as Mr. Green contends in his complaint. Treasury regulations expressly provide that the United States

> may rely on the information provided in a tender, transaction request form, or Transfer Message, and [is] not required to verify the information. The Department . . . shall not be liable for any action taken in accordance with the information set out in a tender, transaction request form, or Transfer Message, or evidence submitted in support thereof.

6

31 C.F.R. § 357.42. Because the regulations clearly state that the government cannot be liable for "any action" taken in accordance with the information it receives in the transaction request form, the government correctly argues that Mr. Green has not identified a money mandating source for his claim. Contrary to Mr. Green's contentions, there is no exception to the government's immunity from liability under the regulation where violations of state law or negligence by Treasury are alleged. The United States cannot be liable for "any action" it took in accordance with the information it received on the change form submitted and signed by Mr. Samuels on Ms. Spiegel's behalf. Because the government has immunity from liability for actions taken by the Treasury under the regulations at issue here, Mr. Green has failed to identify a money-mandating source for his claims.[5]

## III. CONCLUSION

For the foregoing reasons, the Court must dismiss the complaint under RCFC 12(b)(1). The government's motion to dismiss is therefore **GRANTED**. The clerk is directed to enter judgment accordingly. Each party to bear its own costs.

---

[5] The court notes that Mr. Green also alleges that his "claim is also governed by the Fifth Amendment to the United States Constitution, which provides in pertinent part that "no person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The portion of the Fifth Amendment that Mr. Green relies upon—the Due Process Clause—does not give rise to a money-mandating claim. Acadia Tech., Inc. v. United States, 458 F.3d 1327, 1334 (Fed. Cir. 2006) ("A violation of due process rights, however, does not give rise to a claim for money damages against the United States in the Court of Federal Claims."). Similarly, this court does not have jurisdiction over Mr. Green's claims sounding in tort, including his claims for "financial negligence." The Tucker Act excludes from this court's jurisdiction claims sounding in tort. 28 U.S.C. § 1491(a); e.g. Sounders v. South Carolina Pub. Serv. Auth., 497 F.3d 1303, 1307 (Fed. Cir. 2007).

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge