NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MAGNOLIA COOPER, MACHAYLA K. COOPER,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2019-1339

---

Appeal from the United States Court of Federal Claims
in No. 1:18-cv-00543-SGB, Senior Judge Susan G. Braden.

---

Decided: May 9, 2019

---

MAGNOLIA COOPER, MACHAYLA K. COOPER, Madison,
WI, pro se.

DELISA SANCHEZ, Commercial Litigation Branch, Civil
Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by
JOSEPH H. HUNT, LISA LEFANTE DONAHUE, ROBERT
EDWARD KIRSCHMAN, JR.

---

Before TARANTO, MAYER, and CHEN, *Circuit Judges.*

PER CURIAM.

Magnolia Cooper and Machayla K. Cooper brought this action in the Court of Federal Claims. The court dismissed the action for lack of jurisdiction. *Cooper v. United States*, No. 18-543, 2018 WL 5019770 (Fed. Cl. Oct. 16, 2018) (*CFC Op.*). We affirm.

I

On June 9, 2015, Magnolia Cooper filed a complaint under 42 U.S.C. § 1983 against the Minnesota Department of Human Services (Department of Child Protective Services) in the U.S. District Court for the District of Minnesota. Citing the Fourteenth Amendment to the U.S. Constitution, she sought $8 million in damages for what she alleged were violations of her "due process and parental custodial rights" in connection with custody proceedings involving her daughter, Machayla Cooper, in the juvenile court for Hennepin County, Minnesota. In August 2016, the federal district court dismissed the complaint with prejudice, concluding that the Minnesota Department of Human Services was entitled to Eleventh Amendment immunity, the claims were barred by the *Rooker-Feldman* doctrine, the claims were filed outside the applicable statute of limitations, and the complaint otherwise failed to state a claim upon which relief could be granted. *Cooper v. Minn. Dep't of Human Servs.*, No. 15-cv-2682, 2016 WL 4179867, at *2 (D. Minn. Aug. 8, 2016). Ms. Cooper did not appeal that decision.

Several years later, on April 13, 2018, Magnolia and Machayla Cooper filed a complaint against the United States in the Court of Federal Claims, seeking damages. The complaint refers to the prior district-court proceedings, and its factual allegations appear to describe the same events as those underlying the district-court action. The

complaint asserts sixteen claims, which the Court of Federal Claims summarized as follows:

> (1) violations of Minn. Stat. § 466.02; (2) an unspecified claim on behalf of Nunteen Cooper, who is deceased; (3) harassment, gross negligence, and outrageous conduct; (4) false confinement, age discrimination, disability discrimination, and violations of Minn. Stat. § 3.736; (5) kidnapping of a sick child; (6) fraud and deception; (7) violations of "subcode 2568.0625 subdivision 19A;" (8) "arraignment for any brain injuries" and related negligence; (9) violations of Minn. Stat. § 518.68; (10) violations of Minn. Stat. § 518a.50; (11) harassment, duress, and fraud, in violation of Minn. Stats. §§ 626.84, 629.40; (12) violations of Minn. Stat. § 629.40; (13) fraud; (14) real property rights; (15) violations of Minn. Stat. § 260C.007; and (16) an unspecified allegation against Minnesota as "financial commissioners."

*CFC Op.* at *1.

The government moved to dismiss the Coopers' complaint for lack of subject-matter jurisdiction. In their response, the Coopers stated that they were "still seeking redress" for alleged violations of the First, Fourth, Fifth, and Fourteenth Amendments.

On October 16, 2018, the Court of Federal Claims granted the government's motion and dismissed the complaint. *Id.* at *3. The court stated several grounds for concluding that it lacked jurisdiction. First, the complaint does not contain any claims asserting wrongs by the United States. Second, to the extent the complaint asserts claims previously adjudicated by the Minnesota district court, the Court of Federal Claims does not have jurisdiction to review the decisions of district courts, and those claims also are barred by res judicata. Third, the Court of Federal Claims does not have jurisdiction over claims based on

alleged violations of state law. Fourth, the Coopers' claims under the U.S. Constitution are not based on money-mandating constitutional provisions, and in any event, those claims were belatedly raised. *Id.*

The Coopers timely appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

II

We review de novo the dismissal for lack of subject-matter jurisdiction. *LaBatte v. United States*, 899 F.3d 1373, 1377 (Fed. Cir. 2018).

The Tucker Act sets the jurisdictional standards relevant to this case. Under that Act, the Court of Federal Claims has "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). For jurisdiction to exist over any of their claims, the Coopers "must demonstrate that the source of substantive law [they] rel[y] upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)).

The Court of Federal Claims correctly determined that it lacked jurisdiction over any of the Coopers' claims. As an initial matter, the complaint fails to allege a wrong in any conduct by the federal government, let alone conduct giving rise to a cause of action under a money-mandating source of law. The Court of Federal Claims has jurisdiction to adjudicate only "claim[s] against the United States," not claims against any other parties. *See* 28 U.S.C. § 1491(a)(1). Although the complaint names the United States as the sole defendant in the case caption, "we

customarily look to the substance of the pleadings rather than their form" to determine whether jurisdiction exists. *Brazos Elec. Power Co-op., Inc. v. United States*, 144 F.3d 784, 787 (Fed. Cir. 1998). The Coopers' complaint in substance does not appear to allege any involvement of the federal government in the events it describes.

Moreover, even if the complaint can be read as asserting claims against the federal government, none of the claims involve subject matter within the jurisdiction of the Court of Federal Claims. Many of the Coopers' claims appear to sound in tort, but the Tucker Act expressly excludes tort claims from the Court of Federal Claims' jurisdiction. *See* 28 U.S.C. § 1491(a)(1); *see also Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007).[1] Some of the Coopers' claims seem to assert violations of criminal laws, but the Court of Federal Claims does not have jurisdiction to adjudicate claims under criminal laws as such, where there is no money-mandating civil provision. *See Joshua v. United States*, 17 F.3d 378, 379–80 (Fed. Cir. 1994); *Payne v. United States*, 139 Fed. Cl. 499, 511 (2018). The Coopers also assert violations of Minnesota state law, but "[c]laims founded on state law" are "outside the scope of the limited jurisdiction of the Court of Federal Claims." *Souders*, 497 F.3d at 1307.

As to the constitutional claims referred to in the Coopers' response to the government's motion to dismiss, the Court of Federal Claims did not abuse its discretion in determining that those claims were raised in the court too late. *See CFC Op.* at *3. In any event, the constitutional

---

[1] The Coopers' complaint also mentions the Federal Tort Claims Act (FTCA). Claims under the FTCA, which "sound[] in tort," 28 U.S.C. § 1491(a)(1), are outside the jurisdiction of the Court of Federal Claims. The district courts have exclusive jurisdiction over such claims. *Id.* §§ 1346(b)(1), 2674.

provisions cited by the Coopers are not money-mandating and thus do not provide a cause of action under the Tucker Act. *See United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (First Amendment); *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (Fourth Amendment); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (Due Process Clauses of Fifth and Fourteenth Amendments).

Finally, to the extent that the Coopers filed their complaint in the Court of Federal Claims to seek review of the Minnesota district court's decision, "the Court of Federal Claims does not have jurisdiction to review the decisions of district courts." *Joshua*, 17 F.3d at 380.

## III

For the foregoing reasons, we affirm the judgment of the Court of Federal Claims.

No costs.

**AFFIRMED**