# In the United States Court of Federal Claims

No. 20-752C
Filed: November 9, 2020
NOT FOR PUBLICATION

---

**DICHONDRA BOWDEN,**

        *Plaintiff,*

v.

**UNITED STATES,**

        *Defendant.*

---

## ORDER

The plaintiff, proceeding *pro se*, filed a complaint on June 22, 2020. The complaint seeks the money allegedly owed to the plaintiff for her final paycheck prior to her termination from her job at a Department of Veterans Affairs ("VA") facility in California. Jurisdiction is founded on the Tucker Act, 28 U.S.C. § 1491, and the cause of action allegedly arises under 29 U.S.C. § 219.

On June 24, 2020, the Court granted the plaintiff's motion to proceed *in forma pauperis*. On August 10, 2020, the Court rejected the plaintiff's purported motion to seek discovery. On September 4, 2020, the Court granted the defendant's motion for an extension of time, allowing the defendant until October 9, 2020, to file an answer.

On October 7, 2020, the Court directed that a submission by the plaintiff be filed and treated as a motion to amend the complaint. On October 14, 2020, the plaintiff filed a motion to correct a clerical error; that motion included further proposed amendments to the complaint. The defendant has opposed the motion to amend the complaint, and the plaintiff has filed a reply.

Under Rule 15(a)(1)(B) of the Rules of the Court of Federal Claims, the plaintiff is entitled to amend her complaint to add the three additional proposed causes of action. A motion to amend a complaint, even when the plaintiff is entitled to do so, should be denied if the motion is "futile." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A motion to amend is futile if a claim to be added by the motion would not withstand a motion to dismiss. *E.g., Marchena v. United States*, 128 Fed. Cl. 326, 330 (2016), *aff'd,* 702 Fed. App'x 988 (Fed. Cir. 2017); *Meyer Grp., Ltd. v. United States*, 115 Fed. Cl. 645, 650 (2014).

The Court will construe a *pro se* plaintiff's pleadings more liberally than those of a party represented by counsel, but that standard does not divest a *pro se* plaintiff of meeting her burden to demonstrate that the Court has jurisdiction over her claims.

The Court considers first the latter two claims the plaintiff seeks to add to her complaint. The first is a claim under California Labor Code § 1311.5(c), and the second is a claim for constructive termination under California law.

This Court's jurisdiction is established by the Tucker Act, 28 U.S.C. § 1491(a), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Supreme Court has interpreted the Tucker Act to waive sovereign immunity to allow jurisdiction in the Court of Federal Claims if a claim is (1) founded on an express or implied contract with the United States; (2) seeking a refund of a payment previously made to the United States; or (3) based on federal constitutional, statutory, or regulatory law mandating compensation for damages sustained, unless arising from a tort. *See United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009).

Because the prospective third and fourth claims the plaintiff seeks to bring arise under state, and not federal, law, this Court is without jurisdiction to consider them. *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007); *see also Cooper v. United States*, 771 Fed. App'x 997, 1000 (Fed. Cir. 2019); *Crane v. United States*, 664 Fed. App'x 929, 932 (Fed. Cir. 2016). Because these putative claims are beyond this Court's jurisdiction to consider, they would have to be dismissed if the Court were to allow the plaintiff to add them to her complaint. Accordingly, amending the complaint to include these claims would be futile.

More vexing is the plaintiff's motion to add to her complaint a claim under 5 U.S.C. § 5514. As the defendant explains, there are portions of § 5514 that are money-mandating and portions that are not. The challenge here is that the plaintiff, proceeding *pro se*, does not explain which portion of § 5514 she alleges the defendant has violated.

On the face of her motion, the plaintiff appears to allege that the defendant failed to follow the procedural aspects of § 5514. These provisions are not money-mandating. *Carroll v. United States*, 120 Fed. Cl. 267, 270 (2015). As a judge of this court has held, unless a plaintiff alleges that she is entitled to the amount withheld due to overpaid wages, the defendant's "failure to follow the procedures in 5 U.S.C. § 5514 would constitute a harmless error, and any damages incurred as a consequence of this error would be de minimis." *McCarron v. United States*, 84 Fed. Cl. 616, 620 (2008).

The defendant also asserts that the plaintiff has failed to "allege that she was entitled to the money that the VA collected as owed debts." (ECF 17 at 6.) The plaintiff's failure in this respect, the defendant argues, brings this case squarely within the holding of *McCarron*. The defendant is correct. The plaintiff is proceeding *pro se*, however. In so proceeding, she is not absolved of her responsibility to show that the Court has jurisdiction over her claim, but she should be accorded some leniency in the form of one additional opportunity to correct her claim.

Accordingly, the plaintiff's motion to amend her complaint is **DENIED**.

The Court will permit the plaintiff another opportunity to allege a violation of a money-mandating provision of 5 U.S.C. § 5514. If she wishes to do so, the plaintiff shall file a revised motion to amend her complaint, limited to a claim under § 5514, no later than **November 23, 2020**. The plaintiff shall explain which provisions of § 5514 she alleges the defendant specifically violated and how that provision is money-mandating. The plaintiff shall further allege with specificity how the alleged violation of § 5514 caused the injury for which she seeks redress and that she is entitled to the money the VA collected as payment for her indebtedness. Any renewed motion to amend the complaint shall be limited only to the claim under § 5514 and shall not include any other additional claims.

In addition to revising and resubmitting her claim under 5 U.S.C. § 5514, the plaintiff shall, if she chooses, propose an amendment to her complaint to reflect a cause of action under a provision of Title 5 of the United States Code, which governs federal civil employment, and not Title 29 of the United States Code, which covers private and public employers other than the federal government.

In the event the plaintiff files a renewed motion to amend on or before November 23, the defendant shall not file an opposition unless ordered to do so by the Court.

If the plaintiff does not file a renewed motion, the defendant shall file its answer to the original complaint or a dispositive motion no later than **December 4, 2020**. The plaintiff shall file her opposition to any motion filed by the defendant no later than **January 4, 2021**, and the defendant shall file its reply brief no later than **January 19, 2021.** This schedule will be vitiated automatically in the event the plaintiff does file a renewed motion to amend her complaint.

The plaintiff shall not file any other pleadings or motions except as specifically authorized by this Order. She may file a renewed motion to amend her complaint or, if she does not, her opposition to any motion filed by the defendant.

It is so **ORDERED.**

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**