NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SOMONA LOFTON,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2023-1181

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-01335-AOB, Judge Armando O. Bonilla.

---

Decided: June 08, 2023

---

SOMONA MARIE LOFTON, Fairfield, CA, pro se.

CURTIS CLARENCE PETT, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRUCE R. ELLISEN, DAVID A. HUBBERT.

---

Before REYNA, STOLL, and STARK, *Circuit Judges*.

PER CURIAM.

Ms. Lofton appeals two orders issued by the United States Court of Federal Claims that dismissed her claims against California state and local agencies along with her tax refund case against the United States. For the following reasons, we affirm.

I

On September 14, 2022, Ms. Lofton filed a complaint with the United States Court of Federal Claims ("Claims Court") alleging that employees of the State of California's Health and Human Services Agency and Department of Social Services harassed her and withheld benefits. SAppx 2, 11.[1] The Claims Court *sua sponte* dismissed Ms. Lofton's claim for lack of subject matter jurisdiction over claims against state and local agencies, citing its limited jurisdiction to hear cases against the United States Government. SAppx 2 (citing *Jones v. United States*, 104. Fed. Cl. 92, 98 (2012); *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307–08 (Fed. Cir. 2007); *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998)).

Ms. Lofton's complaint also brought a tax refund case against the United States Government. SAppx 4. That claim centers around a 2021 federal income tax refund, which the Internal Revenue Service ("IRS") refused to process. *Id.* Ms. Lofton filed her tax refund suit on September 14, 2022, which was, by the Claims Court's calculation, 3 months and 27 days after purportedly filing her 2021 Form 1040-X—not six months, which is required under 26 U.S.C. § 6532(a). SAppx 5. In alleging the IRS has not yet processed her refund, Ms. Lofton conceded that the IRS did not issue a decision prior to her filing suit. *Id.* The Claims Court ultimately dismissed the case without prejudice on November 18, 2022, for lack of subject matter jurisdiction.

---

[1]    "SAppx" refers to the Government's supplemental appendix.

SAppx 5–6 (citing *Weston v. United States*, No. 2022-1179, 2022 WL 1097361, at *1 (Fed. Cir. Apr. 13, 2022) ("[T]he failure to file a timely complaint under § 6532(a)(1) deprives the [Court of Federal Claims] of subject matter jurisdiction.") (citing cases); *e.g., Gaynor v. United States*, 150 Fed. Cl. 519, 538 (2020) (dismissing tax refund claims for lack of jurisdiction because the "requisite waiting period had not yet elapsed" when plaintiff filed the initial complaint). In doing so, the court noted that "[t]he irony is not lost on the Court that this Order of Dismissal is being issued on the precise date that Ms. Lofton's statutory six-month waiting period expires." SAppx 4–6. The Claims Court held that Ms. Lofton could refile her tax refund case as early as the date the court's order issued. SAppx 6. Judgment granting the Government's motion to dismiss was filed on November 22, 2022. SAppx 9. Ms. Lofton did not refile her tax refund claim.[2]

## II

This court reviews de novo a decision by the Claims Court to dismiss a case for lack of subject matter jurisdiction. *Diversified Grp. Inc. v. United States*, 841 F.3d 975, 980 (Fed. Cir. 2016). A party invoking the jurisdiction of the Claims Court has the burden of establishing jurisdiction by a preponderance of the evidence. *Fid. & Guar. Ins. Underwriters, Inc. v. United States*, 805 F.3d 1082, 1087 (Fed. Cir. 2015). Although pro se plaintiffs' complaints are interpreted liberally, *see Estelle v. Gamble*, 429 U.S. 97,

---

[2]    Separately before this court was another appeal filed by Ms. Lofton, *Lofton v. United States*, No. 23-1175, 2023 WL 3220932 (Fed. Cir. May 2023). In the case underlying that appeal, the Claims Court dismissed her claims for lack of jurisdiction, which sought an award of two million dollars and made various allegations against courts across the country. The Claims Court's dismissal was affirmed.

106 (1976), Ms. Lofton still bears the burden of establishing the Claims Court's jurisdiction over her claims, *see Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013); *see also Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023).

The Claims Court is a court of limited jurisdiction and can resolve only those claims for which the United States has waived sovereign immunity. *United States. v. Testan*, 424 U.S. 392, 399 (1976). The Tucker Act is one such waiver, but it does not create any substantive right enforceable against the United States for money damages. *United States v. Mitchell*, 463 U.S. 206, 212, 216 (1983); 28 U.S.C. § 1491(a)(1). Ms. Lofton must still demonstrate that the source of substantive law she relies on can be fairly interpreted as mandating compensation by the Federal Government for the damages sustained. *Id.* at 216–17 (citing *Testan*, 424 U.S. at 398–400.

Federal courts have an independent obligation to determine whether subject matter jurisdiction exists. *Jones*, 104 Fed. Cl. at 95. The Claims Court is not authorized to hear claims against defendants other than the United States Government under the Tucker Act, 28 U.S.C. § 1491(a)(1). *See United States v. Sherwood*, 312 U.S. 584, 587–89 (1941); *Souders*, 497 F.3d at 1307 ("Claims founded on state law are also outside the scope of the limited jurisdiction of the Court of Federal Claims."). Nor is the Claims Court authorized to hear tort or criminal claims. *Souders*, 497 F.3d at 1307; *see also Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code and the due process and equal protection clauses of the Fifth Amendment do not provide for the payment of monies, even if there were a violation.").

The Claims Court correctly found that Ms. Lofton's state and local agency claims fell outside of its subject matter jurisdiction, as those entities are not the United States

and these claims are not against the Federal Government. *Souders*, 497 F.3d at 1308; *see also LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995).

As for Ms. Lofton's tax refund claim, at the time she filed her complaint with the Claims Court, the statutory waiting period for her taxpayer suit had not expired. SAppx 5. Under 26 U.S.C. § 7422(a), a taxpayer cannot file for a tax refund until six months after the filing date of the claim with the IRS, as provided by 26 U.S.C. § 6532(a). The Claims Court properly assessed jurisdiction at the time Ms. Lofton's complaint was filed and found that Ms. Lofton had not waited until the end of the six-month statutory period before filing suit in the Claims Court. SAppx 4–5. Thus, the Claims Court properly dismissed the case without prejudice on November 18, 2022. SAppx 4–6. The Claims Court found that Ms. Lofton could refile her tax refund case. SAppx 6.[3] Accordingly, we find that both the Claims Court and this court lack jurisdiction over Ms. Lofton's tax refund claim.

Finally, Ms. Lofton's reply brief appears to raise new allegations against additional state employees. Appellant's Reply Br. 1–5. To the extent this raises a new issue, it is deemed waived. *Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002). If it relates back to either Ms. Lofton's tax refund claim or agency claims, it is similarly outside of the court's jurisdiction for the reasons described above.

---

[3] Appellee informs this court that the IRS has since issued Ms. Lofton the refund she requested, effectively rendering this suit moot. Appellee's Br. 4 n.2. Ms. Lofton's reply brief does not refute this development. We leave this issue, and whether it renders her suit moot, for the Claims Court to decide should Ms. Lofton refile her tax refund case.

## III

We have considered Ms. Lofton's other arguments and find them unpersuasive.  We affirm the Court of Federal Claims' dismissal of both Ms. Lofton's claim against California state and local agencies and her tax refund claim.

**AFFIRMED**

COSTS

No costs.