NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ARTHUR LOPEZ,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2023-1522

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-00259-MCW, Senior Judge Mary Ellen Coster Williams.

---

**ON MOTION**

---

PER CURIAM.

## O R D E R

Arthur Lopez files a 30-page handwritten opening brief with an appendix and 20 handwritten pages of additional argument.  Having considered Mr. Lopez's arguments, the court summarily affirms.

Mr. Lopez sought $1 billion before the United States Court of Federal Claims, alleging that prior, adverse

decisions of federal courts demonstrate that the United States is "operating the taking of [his] property/assets," Dkt. No. 1 at 2–3 (Complaint), and a "Breach of Implied Contracts," *id.* at 3. Mr. Lopez also sought an emergency stay and injunctive relief against state court proceedings. The Court of Federal Claims denied relief and dismissed the complaint. Mr. Lopez now appeals.

Because the Court of Federal Claims' judgment was so clearly correct as a matter of law that no substantial question regarding the outcome of this appeal exists, we conclude summary affirmance is appropriate. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). While Mr. Lopez attempted to invoke the trial court's jurisdiction to decide claims under the Fifth Amendment's Takings Clause, it is well settled that "the Court of Federal Claims cannot entertain a taking claim that requires the court to 'scrutinize the actions of' another tribunal," *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (citation omitted). *See Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307–08 (Fed. Cir. 2007) (holding that "the Court of Federal Claims does not have jurisdiction over" "[t]akings by state governments"). The Court of Federal Claims was thus clearly correct in dismissing Mr. Lopez's claims predicated on challenging the decisions of other courts.

We have considered Mr. Lopez's other arguments in his brief and find them to be entirely without merit. Among other things, he now contends that the Court of Federal Claims has jurisdiction over violations of the Social Security Act, but we have made clear "that the Claims Court has no jurisdiction under the Tucker Act over claims to social security benefits." *Marcos v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990); *see* 42 U.S.C. § 405(g) (directing that claims relating to social security benefits "shall be brought in [an appropriate federal] district court").

Accordingly,

IT IS ORDERED THAT:

(1)  The Court of Federal Claims' judgment is summarily affirmed.

(2)  Mr. Lopez's opening brief with supplemental pages is accepted for filing, but any other pending motion is denied.

(3)  Each party shall bear its own costs.

FOR THE COURT

October 27, 2023                    /s/ Jarrett B. Perlow
       Date                          Jarrett B. Perlow
                                     Clerk of Court